THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LESTER BEDELL, Appellant.

(Argued May 31, 1929; decided July 11, 1929.)

*Charles Wesley* and *Edgar L. Ryder* for appellant. The village of Ossining had no power to pass the ordinance in question. (*Bradley* v. *Degnan Con. Co.,* 224 N. Y.

60; *N. Y. C. & H. R. R. R. Co.* v. *City of New York,*
202 N. Y. 212; *Hinman* v. *Clarke,* 121 App. Div. 105;
193 N. Y. 640; *Western N. Y. & P. T. Co.* v. *Stillman,*
68 Misc. Rep. 456; 143 App. Div. 718.)

*Frank H. Coyne, District Attorney (A. W. Hendrickson*
of counsel), for respondent. The board of trustees of the
village of Ossining had power to pass such ordinances.
(L. 1910, ch. 667; Village Law, §§ 89, 90 and 380.)

*Per Curiam.* The information charged that the
defendant did commit the crime of violating section 18 of
the ordinances of the village of Ossining by unlawfully
moving, between the hours of twelve o'clock midnight
and five o'clock A. M., a tractor and shovel, which were
more than eight feet in width, along a street of the village.
The proof showed that the defendant, between the hours
named, was operating along a village street a Mack truck
having in tow a trailer loaded with a trench digger machine
which was in excess of eight feet in width. Article 11 of the
Highway Law (Cons. Laws, ch. 25), in section 281, provides
that the article shall be exclusively controlling upon the
registration, numbering and regulation of motor vehicles,
and the licensing and regulation of chauffeurs and operators
and "on their use of public highways." Section 282-a of
the same article provides: "No person shall operate or
drive or cause to be operated or driven upon a public
highway or bridge thereon, in any county not wholly
included within a city, a motor vehicle or trailer having,
" 1. A width of body, inclusive of load, of more than eight
feet, * * *." It further provides: "In cases of emer-
gency, the state commissioner of highways, may grant per-
mission, in writing, to exceed the limits prescribed herein."
Within the meaning of the section a village street is a
" public highway." (§ 281.) In moving a trailer which,
" inclusive of load," was more than eight feet wide, along
a street of the village of Ossining, the defendant was per-
forming an act, concerning which the Highway Law made

exclusive provision. Therefore, no ordinance of the village had force to render criminal the act of the defendant.

The judgment of the County Court and that of the Court of Special Sessions should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.