THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY KILLMEYER, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, July 12, 1939.

*Eadie, Nunley, Gale & Rosenholz* [*Arthur E. Gale* of counsel], for the appellant.

*Frank H. Innes, District Attorney* [*Thomas K. Hall* of counsel], for the respondent.

BAYES, Ch. J.    The complaint alleged that on November 28, 1938, the defendant drove and operated a motor vehicle on Victory Boulevard, a public highway, Richmond county, New York, one-half hour after sunset and one-half hour before sunrise, to wit, seven-fifty P. M., and did fail to display:

(A) two lighted lamps on the front, one on each side having light sources of equal power which shall be visible from a point five hundred (500) feet ahead of said vehicle and which shall project either white or yellow light;

(B) and one lighted lamp on the rear which shall display a red light visible from the rear for a distance of five hundred (500) feet.

The testimony need not be reviewed in detail for the reason that the case turns upon questions of law. The evidence supports the magistrate in his finding that defendant, on the day, at the hour, and the place specified in the complaint, was engaged in the operation of a motor vehicle, viz., a bus owned by the Staten Island Coach Co., Inc., on which there was but one front light functioning and that the front marker lights and the rear tail light were not lit. There is no question but that the bus was equipped with a lighting system which, had it been functioning, would have met the requirements both of the Transit Commission and the Rules and Regulations of the Police Department of the City of New York, as well as the provisions of the State Vehicle and Traffic Law.

The sole contention urged by defendant-appellant is that the police commissioner of the city of New York is without power to make rules and regulations respecting lighting equipment on motor vehicles, for the reason that the Charter of the City of New York has not given him this power, and the State Vehicle and Traffic Law specifically provides that its provisions shall be exclusively controlling. In considering this it is necessary to set forth the language of section 435 of the New York City Charter, section 10 and section 15, subdivision 2 of the State Vehicle and Traffic Law and section 67 of the Traffic Rules and Regulations of the City of New York.

The pertinent provisions of section 435 of the New York City Charter adopted November 3, 1936, read as follows:

" Section 435. The police department and force shall have the power and it shall be their duty to  *  *  *  regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health;  *  *  *  The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary, which shall not become effective until filed with the city clerk and published in the City Record. The violation of such rules and regulations shall be triable by a city magistrate and punishable by not more than thirty days' imprisonment, or by a fine of not more than fifty dollars, or both."

Section 10 of the Vehicle and Traffic Law reads as follows:

" § 10. Application of this article. Except as otherwise expressly provided in this chapter, this article shall be exclusively controlling:

" a. Upon the registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators thereof;

" b. On their use of public highways, and

" c. On the accessories used upon motor vehicles and their incidents."

Subdivision 2 of section 15 of the State Vehicle and Traffic Law, so far as pertinent, reads as follows:

" Every motor vehicle, driven upon a public highway of the State during the period from one-half hour after sunset to one-half hour before sunrise, shall display when running at least two lighted lamps on the front, one on each side having light sources of equal power, which shall be visible * * * and which shall project either white or yellow light, and one lighted lamp on the rear which shall display a red light visible from the rear for a distance of at least five hundred feet."

Section 67 of the Traffic Rules and Regulations of the City of New York, upon which the complaint herein is based, is in words identical with section 15, subdivision 2, of the Vehicle and Traffic Law above quoted, and for that reason need not be repeated here.

Section 54 of the State Vehicle and Traffic Law, so far as pertinent reads as follows:

" And no ordinance, rule or regulation contrary to or in any wise inconsistent with the provisions of this chapter, now in force or hereafter enacted shall have any effect: * * * and provided further that nothing in this chapter contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles and motor cycles, or of any traffic regulations with regard to the operation of motor vehicles and motor cycles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class."

Defendant-appellant argues that it was the intent of the Legislature to make accessories and equipment on motor vehicles uniform throughout the State; that since section 15, subdivision 2 of the Vehicle and Traffic Law has defined the type, number and power of lights and their placement upon motor vehicles, neither a municipality nor any officer thereof may make rules or regulations respecting lighting equipment on motor vehicles. Or, stated another way, that since the provisions of the Vehicle and Traffic Law are exclusively controlling, no municipality or any officer thereof may adopt any rules or regulations either consistent or inconsistent with the provisions of the Vehicle and Traffic Law.

In this connection it is important to bear in mind that the charge made in the complaint is not that the bus was inadequately or improperly equipped as required by the Vehicle and Traffic Law of the State, but that the lighting equipment itself *was not functioning* at the time in question. The People made no claim at the trial nor on this appeal that defendant had neglected to comply with the requirements of the Vehicle and Traffic Law of the State and of the Transit Commission in so far as the physical equipment itself was concerned. It should, also, be borne in mind

that section 10 of the Vehicle and Traffic Law provides that its provisions shall be exclusive *except as otherwise expressly provided therein*. This exception should be read in connection with that part of section 54 of the Vehicle and Traffic Law above quoted, which in substance nullifies any rule or regulation that is contrary to or inconsistent with the State statute, *but leaves the way open for the enactment of ordinances in any city of the first class* regulating the speed of motor vehicles and motor cycles or *traffic regulations with regard to the operation of motor vehicles*. We are of the opinion that the grant to a city of the first class of power to enact " traffic regulations with regard to the operation of motor vehicles " validates section 67 of the Traffic Rules and Regulations of the City of New York which, since its language is identical with that of section 15, subdivision 2 of the State Vehicle and Traffic Law, cannot be said to be inconsistent therewith. Inasmuch as the conviction rests upon the charge that the lights were not displayed at the time in question it cannot very well be said that we are dealing with the physical lighting equipment itself.

In support of his contention defendant cites *People* v. *Bedell* (251 N. Y. 415) and *People* v. *City of Buffalo* (152 Misc. 375). The *Bedell* case involved an alleged violation of a village ordinance forbidding the operation on a public highway of a motor vehicle or trailer with a body width of more than eight feet, and the Court of Appeals merely held that the appropriate provisions of the State Highway Law were exclusively controlling. In applying the opinion in that case it must be borne in mind that section 54 of the State Vehicle and Traffic Law does not directly or indirectly empower a village to enact ordinances upon the subject there under consideration. In *People* v. *City of Buffalo* (152 Misc. 375) the Supreme Court at Special Term had before it a motion to dismiss an amended complaint in an action to recover fines collected by the city of Buffalo and claimed by the State. From a reading of the opinion it is clear that the validity of the ordinance upon which the prosecution by the city in the first instance was based, was not involved or passed upon. (See, also, *People* v. *Fitzgerald*, 101 Misc. 695.)

As to the authority conferred by section 435 of the New York City Charter upon the police commissioner — it is sufficient to say that the commissioner has power to " regulate, direct, control and restrict the movement of vehicular and pedestrian traffic," which includes the power to specify the hours during which lights shall be displayed.

Accordingly, we are of the opinion that the judgment herein should be affirmed. Facts examined, and no error found therein.

Present — BAYES, Ch. J., PERLMAN and KOZICKE, JJ.