HENRY HORNSTEIN et al., Suing on Behalf of Themselves and All Other Stockholders of PARAMOUNT PICTURES, INC., and on Behalf of PARAMOUNT PICTURES, INC., Appellants, et al., Plaintiffs, v. PARAMOUNT PICTURES, INC., et al., Respondents, et al., Defendants.

Argued January 10, 1944; decided May 25, 1944.

*Alfred J. Talley* and *Abraham Hornstein* for appellants. I. The directors and officers of Paramount are accountable to it for having caused its funds to be employed in the commission of a crime. (*Pollack* v. *Warner Bros. Pictures, Inc.,* 266 App. Div. 118; *Roth* v. *Robertson,* 64 Misc. 343; *Runcie* v. *Bankers Trust Co.,* 6 N. Y. S. 2d 623; *Shea* v. *Mabry,* 69 Tenn. 319; *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *Sagalyn* v. *Meekins, Packard & Wheat, Inc.,* 290 Mass. 434; *Mannheimer* v. *Keehn,* 41 N. Y. S. 2d 542; *London Trust Co.* v. *Mackenzie,* 62 L. J. Ch. 870; *Gilbert* v. *Finch,* 173 N. Y. 455; *Lydia E. Pinkham Medicine Co.* v. *Gove,* 303 Mass. 1.) II. The giving of Paramount's funds to Bioff and Browne constituted the commission of a crime. (Penal Law, § 380; *Matter of Raplee,* 257 App. Div. 408, 282 N. Y. 605; *Norton* v. *Woodruff,* 2 N. Y. 153; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Jackson,* 191 N. Y. 293.)

*Louis Connick* and *Albert C. Bickford* for Paramount Pictures, Inc., respondent.

*Louis Nizer* and *Walter S. Beck* for Austin C. Keough and others, respondents. I. The payments to Bioff and Browne were extorted and therefore do not constitute a violation of section 380 of the Penal Law. (*Van Dyke* v. *Wood,* 60 App. Div. 208; *Adams* v. *Irving National Bank,* 116 N. Y. 606; *Barry* v. *Equitable Life Assurance Society,* 59 N. Y. 587; *People* v. *Weinseimer,* 117 App. Div. 603, 190 N. Y. 537; *People* v. *Hughes,* 137 N. Y. 29; *People* v. *Barondess,* 133 N. Y. 649; *People* v. *Sheridan,* 186 App. Div. 211; *L. S. & M. S. Ry. Co.* v. *Roach et al.,* 80 N. Y. 339; *People* v. *Feld,* 262 App. Div. 909.) II. Payments to Bioff were made in good faith for the benefit of Paramount and represent a reasonable exercise of the judgment and discretion of respondent Keough as officer and director of Paramount. The finding to this effect is conclusive upon appellants. (*Richard* v. *American Union Bank,* 253 N. Y. 166; *Matter of Lathers,* 137 Misc. 222; *Matter of Hunter,* 151 F. 904.) III. Respondent Keough acted with reasonable prudence and for the benefit of the company. If the extortionate demand

had not been paid, and Bioff's threat effectuated, the corporation would have suffered a loss of approximately $2,860,000 per week. (*Manson* v. *Curtis*, 223 N. Y. 313; *Blaustein* v. *Pan American Petroleum & Transport Co.*, 174 Misc. 601, 263 App. Div. 97; *Rous* v. *Carlisle*, 261 App. Div. 432; *Litwin* v. *Allen*, 25 N. Y. S. 2d 667; *Levine* v. *Behn*, 174 Misc. 988, 262 App. Div. 729.) IV. The payments to Bioff were within the scope of Paramount's corporate powers. (*Gause* v. *Commonwealth Trust Co.*, 196 N. Y. 134; *Steinway* v. *Steinway & Sons*, 17 Misc. 43; *Armstrong Cork Co.* v. *H. A. Meldrum Co.*, 285 F. 58; *State ex rel. Sorenson* v. *Chicago etc. Railroad*, 112 Nebr. 248; 45 Harvard Law Review, p. 1158; *Matter of Heim's Estate*, 3 N. Y. S. 2d 134; *Burden* v. *Burden*, 159 N. Y. 287; *Clarke* v. *American Press Association*, 145 Misc. 370; *Levine* v. *Behn*, 174 Misc. 988, 262 App. Div. 729.) V. Assuming that the payments were technically *ultra vires*, respondents are not liable since they acted honestly and for the benefit of Paramount. (*Litwin* v. *Allen*, 25 N. Y. S. 2d 667; *Hodges* v. *New England Screw Co.*, 1 R. I. 312; *Smith* v. *Sherman*, 113 Iowa 601; *Bailey* v. *Babcock*, 241 F. 501.)

*Stephen Callaghan, Edward Lazansky* and *Thomas A. Gaffney* for Neil F. Agnew and others, respondents. I. The payments made by defendant Keough on behalf of Paramount Pictures, Inc., were necessarily and properly made in the best interests of the corporation and its stockholders; and no liability on the part of the defendants-respondents herein exists by reason thereof. (*People* v. *Barondess*, 133 N. Y. 649; *People* v. *Weinseimer*, 117 App. Div. 603, 190 N. Y. 537; *Schindler* v. *Royal Insurance Co.*, 258 N. Y. 310; *People* v. *Feld*, 262 App. Div. 909.)

*Lester Kissel* for Percy H. Johnston, respondent.

*Francis S. Bensel* and *W. Frederick Knecht* for William S. Gray, Jr., respondent.

*Bruce Bromley* and *G. S. Collins* for Henry R. Luce, respondent.

*Per Curiam.* This stockholders' derivative action was brought in behalf of Paramount Pictures, Inc., to compel its officers

and directors to repay to its treasury sums they had paid therefrom to labor union officials. Plaintiffs invoke the following provision of Penal Law, section 380: "A person who gives or offers to give any money or other thing of value to any duly appointed representative of a labor organization with intent to influence him in respect to any of his acts, decisions, or other duties as such representative, or to induce him to prevent or cause a strike by the employees of any person or corporation, is guilty of a misdemeanor  *   *   *."

Upon findings made and affirmed the case is this: The payments in question were coerced by threats of the payees that in the contrary event they would call a strike of the employees of Paramount Pictures, Inc.; the threatened strike would have been unlawful and was calculated to destroy the nation-wide business of the corporation. Special Term said: "There is not the slightest evidence that this duly appointed representative of a labor organization was or even pretended to be under any legal duty to cause a strike. He did not ask for pay to influence him in the performance of any duty, real or pretended. He simply threatened to do unlawful injury to Paramount, and other similar companies, by calling a strike or strikes he was under no duty to call, and the only part his position as a representative of a labor organization played in the matter was that it constituted such a source of power as to give meaning to his threat and thereby induce consent to the giving of the money he demanded."

In the judgment of the courts below, the payments thus procured were not embraced by section 380 of the Penal Law. We think this ruling was right. Such a threat is a felony (Penal Law, §§ 851, 852) and such a payment is deemed to be so far involuntary as to raise an obligation to make restitution thereof. (See, Woodward, The Law of Quasi Contracts, § 218; 79 A. L. R. 655, 656.) In *People* v. *Shakun* (251 N. Y. 107) we said: " It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal " (p. 113. See, too, *People* v. *Benc,* 288 N. Y. 318, 323; *People* v. *Fein,* 292 N. Y. 10, 14). In that view, we are not ready to impute to section 380 of the Penal Law the meaning that one who is victimized

by an extortion of the kind in question should on that account suffer loss of his liberty or property.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; RIPPEY and THACHER, JJ., taking no part.

Judgment affirmed.