Owen McGivern, J.
Motion for examination before trial to frame a complaint is denied.
All parties are agreed that the relief requested may be granted only if plaintiff shows that he in fact has a canse of action, and that snch relief is denied where it appears that plaintiff is *1041 merely seeking to ascertain whether facts existed to create a canse of action (Matter of Roland [Deak], 10 A D 2d 263, 264 [1st Dept., 1960] and cases cited; Stewart v. Socony-Vacuum Oil Co., 3 A D 2d 582 [3d Dept., 1957]).
In the instant case, plaintiff’s voluminous papers show no more than that he is seeking to ascertain if facts exist sufficient to constitute a cause of action. There is no showing that he has a cause of action.
Plaintiff sues as a stockholder of and on behalf of defendant Chrysler Corporation. The individual defendants include present directors and a former president.
It is well settled that in a stockholders’ derivative action it must be shown, among other things: (1) that the corporation has a cause of action; (2) that the directors have unreasonably refused to prosecute the corporation’s cause of action (see, e.g., Isaac v. Marcus, 258 N. Y. 257, 263-266 [1932]; Hornstein v. Paramount Pictures, 22 Misc 2d 996, 1009-1010 [Supreme Ct., N. Y. County, 1942], affd. 266 App. Div. 659 [1943], affd. 292 N. Y. 468 [1944]). '
It is not denied that Chrysler Corporation had a cause of action against its former president and has cause of action against others, so that the first of the requirements of a stockholders’ derivative action has been satisfied. However, the moving papers fail to satisfy the other requirement.
Concededly, the board of directors, far from refusing to sue the former president, has settled with him for over $450,000. Plaintiff claims the settlement may be inadequate but, not knowing the exact amount of the settlement, the extent of the potential liability or the size of the former president’s resources, he fails to show that the settlement was in fact inadequate.
Furthermore, it appears without dispute that, since the institution of this action, Chrysler Corporation has filed suit against others encompassed within the scope of the moving affidavit. Manifestly, plaintiff is in no position to complain about the corporation’s failure to proceed against such others.
The moving papers devote much space to a discussion of the impropriety of gifts by suppliers to corporate officers. Even if it be assumed that such officers have a duty to account to the corporation for such gifts, the failure of the corporation to bring suit for such accountings does not give the plaintiff a cause of action in its behalf; in the absence of fraud or the like, and there is no showing thereof in the moving papers, it is for the directors to decide as a matter of business judgment whether to bring suit (Hornstein v. Paramount Pictures, supra, and cases cited). In the instant case it cannot be claimed that it is *1042 not within the scope of proper business judgment for the directors to decide that it would be against the best interests of the corporation for it to sue a valued officer who received a $100 Christmas gift.
It is thus clear that plaintiff has failed to show that he has any cause of action which he may assert on behalf of the corporation. At most, the moving papers show suspicions and differences as to what is sound business judgment. This is not sufficient to warrant the granting of an examination to frame a complaint.
Two additional considerations impel the denial of the motion. In the First Department, examinations before trial after issue is joined are not favored in stockholders ’ derivative actions, and are not allowed in the absence of special circumstances (Manacher v. Central Coal Co., 7 A D 2d 208 [1959]). A fortiori, an examination to frame a complaint should only be granted in such an action where special circumstances are shown. No such showing is made here.
Finally the denial of the instant motion does not preclude redress if plaintiff’s suspicions are in fact warranted. Repeated references are made in the moving’ and answering affidavits to a stockholders’ suit now pending in Delaware, where Chrysler Corporation was incorporated. The identity of the subject matter of that action and the instant one is demonstrated by plaintiff’s statement that he wishes to allege herein such of the charges made in Delaware as he finds warranted. It must not be ignored that a stockholder’s derivative action is brought not for the benefit of the plaintiff stockholder but for the benefit of the corporation. There is no showing that full relief will not be granted to the corporation in the Delaware suit. While derivative actions may be brought in behalf of foreign corporations (Goldstein v. Lightner, 266 App. Div. 357, 358 [1st Dept., 1943], affd. 292 N. Y. 670 [1944]) it has not been demonstrated that the protection of the rights of the corporation requires this court to grant plaintiff the virtually unlimited inquisition he requests. Motion denied.