Edmund A. McCarthy, J.
Upon an appeal from a judgment of conviction of the Court of Special Sessions of the Town of Schuyler, County of Herkimer, Honorable George Luther, Justice, it appears that the defendant was charged on April 3, 1961 with having committed the infraction of insufficient lights in violation of the Vehicle and Traffic Law (art. 9, § 375, subd. 2, par. [a]), alleged to have been committed on March 30, 1961. The information in this case in charging the infraction specifically states that the defendant “wrongfully and unlawfully operated the motor vehicle.” A stipulation of submission to the Court of Special Sessions was executed by the defendant and the respective attorneys admitting all of the allegations of the information but specifically stipulating as follows: “ That the People admit that the defendant did not know that her said vehicle at such time and place failed to display any lighted lamps on the rear thereof, although prior to March 30, 1961, said lights were functioning.”
Under our jurisprudence, we have two types of laws and offenses: the first is known as “Malum In Se ”. These acts include the commission of a crime that is not merely prohibited *572 by a statute, but is criminal by its inherent nature. Driving an automobile at an excessive speed is not “.Malum In Se ”, but merely ‘ ‘ Malum Prohibitum ’ ’.
Generally, crimes “ Malum In Se ” involve moral turpitude.
The other category of our crimes of offenses are known as acts 11 Malum Prohibitum ’ ’. That is an act made wrong by legislation, a forbidden evil.
By contrast, an offense “Malum In Se ” is one which is naturally evil, as adjudged by the sense of civilized community; but acts “ Malum Prohibitum ” are wrong only because made so by statute. Acts which are “ Malum Prohibitum” do not require criminal intent for a conviction, while acts 11 Malum In Se ” require criminal intent for a conviction. The ancient differentiation between “Malum Prohibitum” and “Malum In Se ” is a manifestation of the same common-sense separation between offenses which spring from wickedness of character and those which do not. Acts which are 1 ‘ Malum Prohibitum ’ ’ including such acts as are in themselves indifferent and become right or wrong as the municipal Legislature sees proper for protecting the welfare of society and more adequately carrying on the purposes of civil life.
Apparently, very little has been said in the case law of New York State in a criminal way concerning insufficient lights, but in People v. Boxer (24 N. Y. S. 2d 628) we find a comparable section namely, section 982 of the Penal Law, having to do with slot machines.
That statute makes it unlawful to possess or transport any slot machine device as hereinafter defined, and this statute does not make the liability of the accused depend on knowledge or intent, but makes the liability depend on the prohibitive act.
An act “ Malum Prohibitum ” is not excused by ignorance or a mistake of fact when a specific act is made by law indictable irrespective of the defendant’s motive or intent, and his belief, based on a mistake of fact, that he was right in what he did is no defense.
This section of the Vehicle and Traffic Law, with which we are dealing (hereby § 375, subd. 2) provides as follows: “ Every motor vehicle * * * driven upon a public highway during the period from one-half-hour after sunset to one-half-hour before sunrise, * * * shall display at least two lighted lamps on the front * * * and one lighted lamp on the rear which shall display a red light visible from the rear for a distance of at least five hundred feet. ’ ’
Now it is not an evil thing for motor vehicles to be driven without lights. Before motor vehicles many vehicles were on the road *573 without lights, but the Legislature now has made it wrongful to drive a motor vehicle on the highway without the prescribed illumination. Consequently, what was not “ Malum In Se ” became “Malum Prohibitum” because the purpose of the statute is to make vehicles visible to other travelers on the public highway in order that the public may use the highways in safety. Statutes relating to the lighting of automobiles using the highway were enacted to establish rules of conduct for all users of the highway and not merely for the benefit of the driver.
It is the duty of the motorist when traveling in the nighttime or in darkness to comply with the statutory requirements as to lights and if he fails to do so, it becomes an offense or infraction to operate the automobile without lights.
Section 375 (subd. 2, par. [a]) is definitely a “Malum Prohibitum ” statute in which the act is prohibited and the liability of the wrongful violation is absolute. (People v. Killmeyer, 171 Misc. 778.) Although the statutes in the present case and People v. Boxer (supra) are complete in the premise with which they deal there will be found in covering comparable statutes which can be applied with equal force and effect to the statute under consideration. The important parts of those decisions all seem to make the liability of the offender dependent on the prohibited act and not upon the knowledge or lack of knowledge thereof.
It might be well to note that the information in this case charges that the defendant “wrongfully and unlawfully”. There is no allegation of “ knowingly ” although the stipulation, by its terms, tried to bring in the knowledge on the part of the defendant.
The judgment of conviction of the defendant in the Court of Special Sessions, Town of Schuyler, County of Herkimer, is hereby affirmed and the appeal herein is hereby dismissed.