George D. Ogden, J.
About 2:50 a.m. on July 6, 1963, complainant, proceeding easterly on Main Street West, stopped for a red traffic light at the intersection of Main Street West and Ford Street. When the light turned green, complainant started ahead and collided with the right rear of defendant’s car which was standing in Main Street West, facing easterly. Complainant stated, in substance, that he did not see defendant’s *773 car in time to avoid a collision, because the rear lights on defendant’s car were not lighted. After a trial defendant was found guilty of operating a motor vehicle upon a public highway without displaying a lighted lamp on the rear thereof, in violation of section 375 (subd. 2, par. [a]) of the Vehicle and Traffic Law.
The evidence produced at the trial supports the decision of the court on every question of fact. There remains for consideration only the question of whether a violation of this subdivision requires proof of knowledge on the part of the violator. In my opinion, it does not. The traffic infraction charged in the information is not malum in se but malum prohibitum. An act designated malum prohibitum is made wrong by legislation — is forbidden and requires no proof of knowledge of violation to complete the offense (People v. Treen, 33 Misc 2d 571). Whether defendant knew, or did not know, of the commission of the acts constituting this offense was immaterial; the law was violated when the rear light of defendant’s car was unlighted, during darkness.
The judgment of conviction, in all respects, is affirmed.