■ HOWARD HUTTICK v. WILLIAM C. MACDONALD et al.— Motion for reargument denied. The order of this court expressly stated that the motion to dismiss the appeal was granted as to the defendant-respondent. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.

### (January 28, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WRIGHT, Appellant.— Order, entered June 21, 1967, denying, without a hearing, defendant's motion for a writ of error *coram nobis*, unanimously reversed, on the law and the facts, and matter remanded for a hearing. The defendant was convicted upon a trial before the court and jury of robbery in the first degree and related crimes, but now alleges that the prosecution improperly failed to produce for his use on the trial certain police records which would have aided him in his defense of the charges. These records allegedly tend to impeach the testimony of the complainant and a police officer at the trial with regard to the complainant's identification of his assailant at the time of the crime. The District Attorney does not deny the defendant's allegations, nor refute them with conclusive documentary evidence, and, under all the circumstances, we have concluded that a hearing should be had on the validity of the defendant's allegations. (*People* v. *Lake*, 14 N Y 2d 790; *People* v. *Zilliner*, 19 A D 2d 806, affd. 14 N Y 2d 834.) Concur — Stevens, P. J., Eager, Tilzer, McGivern and Rabin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. BOLLINO, Appellant.— Judgment convicting defendant of bribery unanimously reversed, on the law, and a new trial ordered. The defendant, a manager of a restaurant, including a bar, testified that he gave the money to the police officer, who had inspected the premises and records, in the belief that he was being "shaken down". The District Attorney properly concedes that the issue of defendant's intent was in the case and that, if the jury believed that defendant was only trying to buy off unlawful harassment by giving money to the officer and was not attempting to influence the officer in performance of his official duties, then defendant would not have the *mens rea* required for conviction under former section 378 of the Penal Law. (See *People* v. *Dioguardi*, 8 N Y 2d 260, 276; *Hornstein* v. *Paramount Pictures*, 292 N. Y. 468.) Therefore, it was error for the trial court to charge the jury " as a matter of law, that if you find that the defendant thought or had the feeling that he was being shaken down; that is, that he was the victim of extortion, such thought or feeling on a defendant's part is no defense to the charge of bribery." Viewing the charge as a whole, we conclude that the jury may have been misled by this statement of the court and that, under the circumstances, section 542 of the Code of Criminal Procedure may not be applied on the theory that the defendant was not prejudiced. Accordingly, a new trial is required. Concur — Stevens, P. J., Eager, Tilzer and McNally, JJ.