John S. Lockman, J.
On October 9, 1970, shortly before 10:05 p.m., the defendant in the company of her boyfriend and two other youngsters proceeded by automobile to the vicinity of the St. Ignatius Retreat Home, Searingtown Road, Incorporated Village of North Hills, Nassau County, New York. The defendant was a passenger and understood that she was headed for the Christopher Morley Park which is located across the street from the St. Ignatius Retreat Home and has a large illuminated sign, with letters approximately 8 inches high, which identifies the park. As indicated, on the other side of the street the St. Ignatius Retreat Home has two pillars at its entrance with a bronze sign on each pillar with 4- to 5-inch letters. The sign is not illuminated. The vehicle in which the defendant was riding proceeded into the grounds of the retreat house and was stopped by a watchman, and the occupants including the defendant waited approximately 20 minutes for a policeman to arrive. The defendant never left the automobile.
The defendant is charged with violating section 1 of the ordinance prohibiting entry upon private property in the Incorporated Village of North Hills, which provides: “No person shall enter upon any privately owned piece, parcel or lot of real property in the Village of North Hills without the permission of the owner, lessee or occupant thereof. The failure of the person, so entering upon, or found to be on, such private property, to produce upon demand, the written permission of the owner, lessee or occupant to enter upon, or to be on, such real property, shall be and shall constitute presumptive evidence of the violation of this ordinance.”
The defendant at the conclusion of the trial moves to dismiss on the grounds that the statute is unconstitutional. Since the ordinance is malum prohiibtum, in all likelihood the ordinance is constitutional. (People v. Treen, 33 Misc 2d 571 ; People v. Attaldo, 44 Misc 2d 772 ; People v. Munoz, 9 N Y 2d 51 ; People v. Persce, 204 N. Y. 397 ; People v. Lewis, 186 Misc. 921, affd. *20 295 N. Y. 42 ; People ex rel. Travis v. Thatcher, 190 Misc. 494.)
However, it is unnecessary to pass upon the constitutionality of the ordinance since there is another basis for dismissal.
The problem presented by the facts in this case brings up for review the primary elements that are required for criminal accountability and responsibility. It is only from an accused’s voluntary overt acts that criminal responsibility can attach. An overt act or a specific omission to act must occur in order for the establishment of a criminal offense. (People v. Walrath, 279 App. Div. 56 ; Marks and Paperno, Criminal Law in New York, Under the Revised Penal Law, ch. 4, § 24, p. 44 ; Clark and Marshall Crimes, ch. 4, § 4.00.)
The physical element required has been designated as the actus reus. The mental element is of course better known as the mens rea. While the mental element may under certain circumstances not be required as in crimes that are designated as malum prohibitum, the actus reus is always necessary. It certainly cannot be held to be the intent of the Legislature to punish involuntary acts. (Hornstein v. Paramount Pictures, 22 Misc 2d 996, affd. 266 App. Div. 659, affd. 292 N. Y. 468 ; Louisville Ry. Co. v. Commonwealth, 130 Ky. 738, 742 ; 16 C. J. S., Constitutional Law, pp. 76-78 ; 22 C. J. S., Criminal Law, § 30.)
The principle which requires a voluntary act or omission to act had been codified in section 15.10' of the revised Penal Law, and reads as follows in part: ‘ ‘ The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing ” (italics supplied).
The Legislature may prescribe that an act is criminal without regard to the doer’s intent or knowledge, but an involuntary act is not criminal (with certain exceptions such as involuntary acts resulting from voluntary intoxication).
In the case at bar, the People have failed to establish any act on the part of the defendant. She merely was a passenger in a vehicle. Any action taken by the vehicle was caused and guided by the driver thereof and not by the defendant. If the defendant were to be held guilty under these circumstances, it would dictate that she would be guilty if she had been unconscious or asleep at the time or even if she jhad been a prisoner in the automobile. There are many situations which can be envisioned and in which the trespass statute in question would be improperly applied to an involuntary act. One might con *21 ceive of a driver losing control of a vehicle through mechanical failure and the vehicle proceeding onto private property which is the subject of a trespass.
Although the court need not pass on the question, it might very well" be proper to hold the driver responsible for his act even though he was under the mistaken belief that he was on his way to Christopher Morlev Park. The Legislature has provided statutes which make mistakes of fact or lack of knowledge no excuse in a criminal action. However, if the driver had been a defendant, the People could have established an act on the part of the defendant driver, to wit, turning his vehicle into the private property.
In the case of the defendant now before the court, however, the very first and essential element in criminal responsibility is missing, an overt voluntary act or omission to act and, accordingly, the defendant is found not guilty.