In the Matter of the Claim of ALMA PERRY, Respondent, against TOWN OF CHERRY VALLEY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The Workmen's Compensation Board's decision and award here appealed from, reversing a referee's decision, are based on findings that decedent, an employee of the Town of Cherry Valley, was acting in the interest of the employer in rendering service to a taxpayer of that town incidental to his employment pursuant to policies established by the town board and that the transaction did not involve the rental of the town's equipment, legally or otherwise. Appellant contends that the finding that there was no rental of the town's equipment is contrary to all the evidence; that there was a rental which was *ultra vires* and illegal and that, since decedent was engaged in an illegal transaction, he was not within the coverage of the Workmen's Compensation Law. Decedent, for twenty-six years the town superintendent of highways of employer town, took the town truck and blasting equipment to the farm of one Spaulding for the purpose of blasting rocks on the latter's land. While blasting, he was struck on the head by a stone. His death resulted the same day. Spaulding testified that arrangements for the work were made directly with decedent and that he was to pay the town $5 therefor. There was evidence that

for many years while decedent occupied the position of town superintendent services were rendered to various residents and taxpayers of the town, including blasting and the hauling of dirt and gravel, for which such taxpayers and residents made payments to the town. Decedent's son, who accompanied him on the day of the accident and who has succeeded him as town superintendent of highways, testified that, during the twenty-four years of his employment in the highway department, such services had been rendered by his father with the knowledge of the town board, the town receiving payments therefor, and that he himself had received instructions to continue the practice. Decedent was legally an employee of the town. Since there was no illegality of employment, the fact that the established custom and practice of the town in rendering certain services to its residents might involve violations of law would not render the Workmen's Compensation Law inapplicable. (*Ulrich* v. *Terminal Operating Corp.*, 186 Misc. 145, affd. 271 App. Div. 930.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present —Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.