In the Matter of the Claim of DANIEL MARCHAND, Appellant, v. SPERRY GYROSCOPE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board denying claimant an award on the grounds that his injuries did not arise out of and in the course of employment. Claimant, aged 22, was an engineering clerk for the employer respondent. While his normal duties consisted of filing and various other inside activities, he was required on occasion as part of his employment to deliver parts to various points away from his original job site. To accomplish these deliveries he was frequently called on and expected to use his own automobile for which he was reimbursed by his employer. On June 23, 1960, the day before the accident in question, the car of one Malakoff, who was transporting a part for the employer, broke down because of a faulty generator and claimant was dispatched by his employer to pick up the part and Malakoff. On June 24, 1960 claimant and Malakoff left the employer's plant at the beginning of their lunch period and subsequently were involved in a one car accident as a result of which claimant sustained severe injuries. It is undisputed that Malakoff had permission to have his car repaired on company time, but there is an absence of proof that claimant ever received permission to accompany Malakoff. Claimant's supervisors deny granting any permission, and claimant, still suffering from the effects of the accident, could not testify that in fact such permission had been granted. Furthermore the board found as a question of fact that Malakoff had no authority to direct claimant to take him to his car and by implication rejected the presence of any implied permission for claimant to accompany Malakoff despite the fact that obviously Malakoff would need transportation to his car (cf. *Matter of Lippman* v. *Biennier Transp. Co.*, 12 A D 2d 681, affd. 10 N Y 2d 757). In addition there is proof that claimant bought headlights for his own car at the time Malakoff purchased the generator and a disputed question as to whether the accident occurred during the lunch period or after it had ended. Whether a given activity is within the course of employment is, of course, a question of fact and thus the determination of the issue by the board is only subject to review if unsupported by substantial evidence (Workmen's Compensation Law, § 23, e.g., *Matter of Hoffman* v. *New York Cent. R. R. Co.*, 290 N. Y. 277). Decision unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.