Francis J. Donovan, J.
The defendant, a 17-year-old boy, appeared before the court charged with a violation of section 501 (subd. 1, par. b) of the Vehicle and Traffic Law in that he did operate a motor vehicle within the County of Nassau while holding a junior operator’s license. He thereafter pled guilty and his junior operator’s license was revoked. Since this was his second violation it constituted a misdemeanor rather than an offense (Vehicle and Traffic Law, § 501, subd. 10).
In the course of disposing of the hundreds of matters coming before the court, this matter did not get the attention, it deserved. In view of the fact (1) that the violation is a crime and establishes. a criminal record for this juvenile and (2) the court’s opinion that the restriction which prevents the use of a junior operator’s license in Nassau County seems to be unreasonable and perhaps unconstitutional, the decision was recalled.
*691 Ordinarily a lower court hesitates to declare a statute unconstitutional. This is the more true where the opinion rendered has no binding effect on any other Judge of the court. Nevertheless, it is unlikely that the question will be presented to any appellate court. Young people who have been appearing before the court in these matters have neither the determination nor the means to carry an appeal on a constitutional question to the higher courts. If the question is ever to be considered it must be considered by a lower court.
Before proceeding to a discussion of the constitutionality of the statute it may not be amiss to point out the unreasonableness involved in the State’s granting a junior operator license to a boy who resides in Nassau County and, in effect, at the same time telling him “you cannot use this license.” Of course he may use the license if he finds some one willing to drive him to Suffolk County, or perhaps to Westchester or Rockland, but* this is quite unlikely.
The purpose of a junior license would normally be to permit a young person to run errands for his parents, to drive to the beach on a Summer day, to drive to school or to work. In short, transportation from his home to the various places where business or leisure might prompt a normal boy to go. In effect, the statute grants such a right or privilege to residents of all other counties of the State of New York but seems to discriminate against boys residing in Nassau County.
In the matter of requiring licenses as a condition for driving motor vehicles, the Legislature is restricted by the Constitution of the United States and the Constitution of the State of New York, particularly by the restrictions imposed in the Fourteenth Amendment of the Constitution of the United States and section 11 of article I of the State Constitution commonly known as the “ equal protection ” clause (Matter of Magnani v. Harnett, 257 App. Div. 487, affd. 282 N. Y. 619).
The Constitutions of the United States and the State of New York and the protections embodied therein extend to the youth as well as the adult (cf. People v. Lewis, 260 N. Y. 171). While there was a difference of opinion between the Judges in the latter case as to the ultimate result, nevertheless both majority and dissent accepted the proposition that the youth was entitled to the constitutional protections. The opinions differed solely on the question of whether or not the proceeding involved was “ criminal ” within the constitutional context.
In the exercise of its regulatory powers, the Legislature is not required to treat all persons alike. It may divide persons or things into classes or categories and has a broad discretion in *692 this regard, but such classification must be based on a reasonable and substantial distinction which, in turn, bears a reasonable and just relation to the purpose or subject of the regulation. (People v. Kraushaar, 195 Misc. 487.)
The basis for regulating persons in connection with the operation of motor vehicles is obviously public safety. The Legislature may reasonably distinguish between individuals on the basis of maturity and judgment, physical capacity or ability and similar matters which would affect the competence of a person to safely operate a motor vehicle upon the highway. It could not divide, for the purpose of such regulation, into the categories of citizen and alien. Obviously there is no connection between citizenship and the ability to operate a motor vehicle safely upon the highways. For this reason such a classification was held invalid in Matter of Magnani v. Harnett (supra).
, The Legislature may be justified in fixing an arbitrary age, which is nevertheless reasonable, since it has some fair relationship in dividing the mature individuals from the immature individuals. Such a classification justifies a greater restriction upon those under 18 years of age (Schultz v. Morrison, 91 Misc. 248, affd. 172 App. Div. 940).
However, the Legislature has now gone beyond this limitation and has drawn a distinction between persons under 18 years of age in Nassau County and persons of the same age elsewhere in the State of New York. This is the substance of the matter and it is not materially affected by the argument that the Nassau County resident may obtain the license for use outside of the county of his residence.
There has been a substantial amount of legislation, special in character, enacted and made applicable to Nassau County alone. The broad argument generally presented in support of such special legislation is that the conditions in Nassau County are different from conditions prevailing in other counties of the State. Such an argument was presented to the Court of Appeals and then rejected in Matter of Cutler v. Herman (3 N Y 2d 334). More recently a similar argument was presented to the Supreme Court in Nassau County and rejected in the Incorporated Vil. of Atlantic Beach v. Town of Hempstead (47 Misc 2d 29).
It may be true that the constitutional provisions involved in the last-cited cases differ, as did the statutes from the statutory and constitutional clauses involved in the present case, but the general principle seems applicable.
*693 If conditions in Nassau County are substantially different from conditions in the other counties of the State of New York and those conditions have a real relationship to traffic safety, then the Legislature may place Nassau County in a special category or classification for the purpose of issuance of operators’ licenses. On the other hand, if no such real distinction exists then Nassau County cannot be given special treatment. If we consider density of population, Nassau County is not substantially different from other suburban counties. Several of such counties are traversed by high speed thruways or parkways. They are all characterized by business sections with parking problems and congestion. There appears to be no substantia] difference between the qualifications required to operate an automobile safely in the hamlet of Hicksville, County of Nassau, and the qualifications which would be required to operate the same automobile in Huntington in the County of Suffolk. There would not appear to be any substantial difference in the capacity required to operate the vehicle safely in communities in other counties of the State of New York.
The special treatment of the County of Nassau is carried to an even further degree by excepting from the prohibition those who are driving to or from a State-approved co-operative work-study educational program.
What difference can it make to the motorist who encounters a 17-year-old on the highway, whether he was going to the store for his mother, is driving to school, going to the beach, or driving to a place where he is enrolled in a work-study program. His destination is unimportant. The real consideration for regulatory purposes is: Does he have the competence and the maturity and skill to be entrusted with a motor vehicle upon the highways?
It is therefore my opinion that section 501 (subd. 1, par. 8) of the Vehicle and Traffic Law, insofar as it restricts the use of junior operators’ licenses in Nassau County, is unreasonable and unconstitutional.
The plea of guilty is stricken, information dismissed and license restored.