In the Matter of the Claim of DOMINICK T. ANADIO, Respondent, *v.* IDEAL LEATHER FINISHERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 29, 1969.

*Ainsworth, Sullivan, Tracy & Knauf* (*John E. Knauf* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Walworth & Harding* (*Fayette C. Walworth* of counsel), for claimant-respondent.

COOKE, J. This is an appeal from a decision of the Workmen's Compensation Board, filed January 10, 1968, the sole question presented being whether claimant's injury arose out of and in the course of his employment.

Claimant, 16 years old and a high school student, worked as a part-time office and delivery employee for Ideal Leather Finishers, owned by his father and of which his brother Joseph was the superintendent. Aware that there would be only a morning session of school for claimant on December 22, 1965, the start of Christmas recess, Joseph left a panel truck at his parents' home on the previous evening with instructions to claimant to pick up a quantity of skins at the shop and deliver them to Gloversville Leather Co. before school and to arrange for pickups there during the day. Upon delivery as instructed, Gloversville Leather's superintendent notified claimant that there would be a leather pickup for him after lunch. With school over at about 11:30 A.M., claimant and three other students went

for lunch to his parents' camp at Caroga Lake, 10 miles distant from Gloversville. After eating and one drink of scotch by claimant and one or two by the others, shortly after 1:00 P.M., they headed towards Gloversville, with claimant on his way to the Gloversville Leather Co. to pick up the leather to take to his father's plant and, when about two miles from destination, the panel truck hit a patch of ice and left the road, so that claimant suffered a fractured vertebrae with resulting paraplegia.

To be compensable, an injury must arise out of and in the course of employment (Workmen's Compensation Law, § 10; *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468, 472) and it is well settled that those activities which are purely personal pursuits are not within the scope of employment (*Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28), the test to be applied, in determining whether specific activities are within the scope of employment or purely personal, being the reasonableness of such activities, i.e., whether they are reasonable incidents of the employment under the relevant circumstances (*Matter of Tyler* v. *Gilbert*, 29 A D 2d 591; *Matter of Dreyfus* v. *Philips Labs.*, 28 A D 2d 1033; *Matter of Sarriera* v. *Axel Electronics*, 25 A D 2d 592; *Matter of Hancock* v. *Ingersoll-Rand Co.*, 21 A D 2d 703). Likewise, where an employee is required by the nature of his job to undergo intermittent periods of enforced waiting, such as where he is told to wait or while waiting for materials to be processed, he is not required to remain immobile and inactive but he is free to indulge in any reasonabe activity during the waiting period (*Matter of Sarriera* v. *Axel Electronics, supra*; *Matter of Putnam* v. *New York State Dept. of Public Works*, 24 A D 2d 801; *Matter of Ingraham* v. *Lane Constr. Corp.*, 285 App. Div. 572, 573, affd. 309 N. Y. 899).

While there are a limited number of cases treating the issue of "arising out of and in the course of the employment" as a question of law when the underlying facts are undisputed, these have involved factual situations such as where only one inference reasonably could be drawn (*Matter of Kaplan* v. *Zodiac Watch Co.*, 20 N Y 2d 537; *Matter of Paduano* v. *New York State Workmen's Compensation Bd.*, 30 A D 2d 1009), or an instrumentality in no conceivable way connected with the work routine (*Matter of Slater* v. *Pilch*, 17 A D 2d 340). However, great latitude has been given the board in determining whether a given accident suffered by an outside employee (cf. *Matter of Daly* v. *State Ins. Fund*, 284 App. Div. 174, 177, mot. for lv. to app. den. 307 N. Y. 942) could be found to have

occurred within the time and space limits of employment (*Matter of Gruntler* v. *Home Reader Serv.*, 19 A D 2d 670; *Matter of O'Connor* v. *Johnson & Johnson*, 12 A D 2d 846, mot. for lv. to app. den. 9 N Y 2d 611; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, affd. 9 N Y 2d 891) and, where such an employee admittedly is acting in furtherance of the employer's business when injured, the reasonableness of his immediately precedent personal activities has required a case by case factual determination (*Matter of Davis* v. *Newsweek Magazine*, 305 N. Y. 20, 26; *Matter of Hancock* v. *Ingersoll-Rand Co.*, 21 A D 2d 703, *supra*). The board's findings of employment activity by an outside employee, after engaging in acts appearing to be personal in nature, have been affirmed in *Matter of Molina* v. *West Coast Container Co.* (28 A D 2d 1057), where a truck driver, after finishing his day's deliveries and after being instructed by his supervisor to park the truck tractor in a garage, attended a party and thereafter was injured while headed towards the garage; in *Matter of Armstrong* v. *Aero Mayflower Tr. Co.* (14 A D 2d 958), where the employee changed his trip course to leave baggage at his parent's home and, though not on the best route to his business destination, was driving toward it when injured; in *Matter of Hilliker* v. *North Amer. Van Lines* (12 A D 2d 677), where a truck driver was not told the route to follow but was directed to meet a schedule and was moving in the direction of the ultimate destination at the time of the accident; and in *Matter of Sosnovich* v. *Trefflich Bird & Animal Corp.* (12 A D 2d 538), where a chauffeur stopped at a restaurant for a repast, read a newspaper and took a nap before resuming his journey towards the employer's garage when the accident occurred.

Here, there had been a lull or delay in the work, as directed and while goods were being processed, and, at the time of injury, claimant was operating the employer's business instrumentality within close range of and directly towards the business directed destination of the Gloversville Leather Co. There is little, if any, evidence to demonstrate that the risks of an accident were increased and, in any event, the board did not choose to find such a risk increase (*Matter of Lowery* v. *Riss & Co.*, 10 A D 2d 489, 491, mot. for lv. to app. den. 8 N Y 2d 707). The issue involved was factual, there was substantial evidence to support the board's finding and we cannot say as a matter of law that the board erred (cf. *Matter of Mansfield* v. *General Adjustment Bur.*, 27 A D 2d 783, affd. 20 N Y 2d 881; *Matter of Durkee* v. *Atlantic Refining Co.*, 27 A D 2d 773; *Matter of Church* v. *Worthington Corp.*, 12 A D 2d 571).

The decision should be affirmed, with one bill of costs to respondents claimant and the Workmen's Compensation Board.

GIBSON, P. J., HERLIHY, REYNOLDS and STALEY, JR., JJ., concur.

Decision affirmed, with one bill of costs to respondents claimant and the Workmen's Compensation Board.