Joseph T. Pilato, J.
A petition has been brought under section 712 (subd. [b]) of the Family Court Act alleging that respondent, a 17-year-old female, is a person in need of supervision (PINS). The Law Guardian contends that this section of the Family Court Act is unconstitutional as a violation of the equal protection clause of the Federal and State Constitutions (U. S. Const., 14th Arndt.; N. Y. Const., art. I, § 11) and violative of the Federal Civil Rights Act of 1964 (78 U. S. Stat. 241, Pub. Law 88-352) in that it discriminates against 16- and 17-year-old females.
The law is clear that a legislature has broad power when it comes to making classifications, particularly in social matters, as long as the line drawn is a rational one and not palpably arbitrary. (Matter of Jesmer v. Dundon, 29 N Y 2d 5; Derman v. Ingraham, 47 Misc 2d 346, affd. 25 A D 2d 795; People v. Ditniak, 59 Misc 2d 264; Morey v. Doud, 354 U. S. 457, 465-466; Matter of D. [Daniel], 27 N Y 2d 90; Dandridge v. Williams, 397 U. S. 471 *96 [1970].) This power should not be applied mechanically without regard to the reasonableness of the relationship between the purposes of the discrimination and the sex-based classification. (Seidenberg v. McSorley’s Old Ale House, 308 F. Supp. 1253 [1969]; Baxstrom v. Herold, 383 U. S. 107, 111 [1966].)
An independent search by this court has failed to disclose a single case which is determinative of this specific objection raised by respondent. Accordingly, in considering this question, the court has looked to the legislative rationale given for section 712 (subd. [b]) of the Family Court Act.
The Joint Legislative Committee on Court Reorganization submitted its report on January 30, 1962 to the Legislature with the proposed legislation. On the question of sex-age discrimination of persons in need of supervision, the committee said (Part II, The Family Court Act) at page 13 that the distinction would, in the committee’s judgment, equip the Family Court to deal with the two distinct problems that recur in these cases, to wit: the need for supervision and the inadequacy of the females ’ home. The legislation was thereafter enacted and the Committee Comment (p. 110) indicated that this section created a new category for children previously classified as ‘ ‘ juvenile delinquents ”, though they have not committed a crime or violated a law, that discrimination on the basis of sex and age gave the Family Court jurisdiction over certain 1 ‘ wayward minor ’ ’ procedures, and that the decisions made were tentative and subject to change upon completion of a study of the Youthful Offender Act and the Wayward Minor Law and observation of the functioning of the new court with the program of law guardians established under article I of the Family Court Act. The followup report of the Joint Legislative Committee on Court Reorganization (VII Young Offenders and Court Reorganization) dated February 8, 1963 was silent on the reasons for the sex-age discrimination of persons in need of supervision (see p. 10), except that on a crime and sex distinction, the committee did say (F, par. 1) that “ The statistics before the Committee confirm that females, unlike males, do not often engage in the conduct regulated under the criminal law. There is no need to speculate here whether this supports a general theory that males are generally more outgoing and assertive while females are more introspective and receptive. Suffice it to say that the Committee concluded to limit its statistical analysis to males ” (Id. at p. 20).
People may need supervision and have inadequate homes regardless of sex and age. The fact that more males commit *97 crimes than females is no reason for making females accountable for certain noncriminal acts when males the same age are not similarly accountable. In order to justify specialized handling of 16- and 17-year-old females from their male counterparts, it must be found that they tend to possess unique characteristics, are involved in different activities and are viewed as a comparatively distinct entity by society.
Other statute's in New-York State do not make this sex-age distinction. The Education Law provides no distinction as to the compulsory full-time attendance of males and females to the age of 16 (§ 3205). The Vehicle and Traffic Law relative to the privilege of driving makes no distinction between the sexes (§ 501, subd. 1, par. b). Furthermore, on a driving while intoxicated or impaired case, the law is uniform for all minors as to the probative value of the results of a chemical test (§ 1195, subd. 2, pars, [a], [b]). The Penal Law provides that certain acts are criminal at a particular age, to wit: 16 years of age, and does not distinguish between whether those acts are committed by males or females (§ 30.00).
The Federal Civil Eights Act of 1964 (78 U. S. Stat. 241, Public Law 88-352) provided at section 703 that there shall be no discrimination in employment because of race, color, religion, sex or national origin, with the exception at section 703 (subd. [e]) where such bona fide occupational qualification is reasonably necessary to the normal operation of that particular business or enterprise. (See, also, Human Eights Law [Executive Law, § 296]; Labor Law, §§ 133,172 and 173.)
While the court is mindful that the public policy is what the Legislature says it shall be (Demarest v. Flack, 128 N. Y. 205), where an examination of the stated legislative rationale for that particular piece of legislation, as well as complementary legislation from the same Legislature and Federal statutes and Federal policy recommendations and directives (President’s Commission on Law Enforcement and Administration of Justice), it appears that section 712 (subd. [b]) of the Family Court Act does violate the equal protection clause of the Federal and State Constitutions because the discrimination is not based upon any established unique characteristics of 16- and 17-year-old females. The court does not find a distinction sufficient to justify retention of section 712 (subd. [b]) of the Family Court'Act. The public’s safety and the maturity, judgment and ability of 16- and 17-year-old females compared with 16- and 17-year-old males is not so different as to justify the class distinction made by the Legislature. (See, generally, Kanowitz, Constitutional *98 Aspects of Sex-based Discrimination in American Law, 48 Nebraska L. Rev. 131, and People v. Joy, 50 Misc 2d 690.)
Respondent’s motion to declare section 712 (subd. [b]) of the Family Court Act unconstitutional as it affects 16- and 17-year-old females is herein granted. The petition is dismissed.