In the Matter of the Claim of WALTER J. ANDERSON, Respondent, *v.* WILLIAM COHEN IRON WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 7, 1974.

*Walworth, Harding & Welt* (*James C. Harding* of counsel), for appellants.

*Cooke, McBride, Davis & Greenberg* for Walter J. Anderson, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. The appellants seek to deny disability benefits of the claimant, severely injured in an automobile accident, on the ground he was not entitled to benefits pursuant to subdivision 4 of section 205 of the Workmen's Compensation Law in that at the time of the accident he did not have a valid license to operate a motor vehicle. The question thus posed is whether

claimant's failure to have a valid operator's license at the time of the accident constituted an " illegal act " within the meaning of subdivision 4 thus precluding his recovery of disability benefits. In our opinion the board could properly find on the facts of the present case that an " illegal act " was not here involved (*Matter of Bauer* v. *590 West End Co.*, 28 A D 2d 1151). As in *Bauer*, which involved a claimant injured by a fellow hunter while he was hunting without a license, this is a case of first impression. Clearly claimant should not have been operating a motor vehicle without a valid operator's license, and clearly the Legislature in enacting subdivision 4 of section 205 must have intended some limitation on recovery. As *Bauer*, even though it was explicitly limited to its immediate facts, illustrates the board may properly require that an " illegal act " which will bar recovery bear some direct causal relationship to the injury giving rise to the claim (*Townsend* v. *Commercial Travelers Mut. Acc. Assn. of Amer.*, 231 N. Y. 148, 153).

Thus, while claimant would arguably not have been involved in the accident if he had observed the law and not driven as the claimant in *Bauer* would not have been shot if he had not gone hunting, the illegality of the act could be found here as in *Bauer* not to have been the proximate cause of the accident. Moreover, such a result conforms to the somewhat analogous principle of negligence law that proof of lack of a driver's license is inadmissible upon the issue of liability (*Kenneth* v. *Gardner*, 36 A D 2d 575, 576; *Phass* v. *MacClenathen*, 274 App. Div. 535) and the liberal interpretation intended to be given the provisions of the disability benefits law (*Matter of Lemley* v. *State Mut. Life Assur. Co.*, 23 A D 2d 130, 131). (Cf. *Wood* v. *Snyder*, 83 Ind. App. 31 [which held that the evidence does not show that the failure of appellant to have a chauffeur's license had anything to do with causing the injury; that the injury was neither due to nor caused by the illegal act]. See, also, 1A Larson, Workmen's Compensation Law, § 35.40.)

The decisions should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and MAIN, JJ., concur.

Decisions affirmed, with costs to the Workmen's Compensation Board.