Jasen, J.
The issue in this case is whether a conviction for operating a motor vehicle without an operator’s license constitutes an "illegal act” within the meaning of subdivision 4 of section 205 of the Workmen’s Compensation Law, thus precluding recovery of disability benefits.
On July 14, 1971, Walter Anderson, an employee of the William Cohen Iron Works, was injured in an automobile accident in Sullivan County. Following an investigation of the mishap, the police issued two summonses to Anderson, one for driving without a license, and the other for failing to keep right. After a trial, the charge of failing to keep right was dismissed on the ground that the People failed to establish a prima facie case. Sometime thereafter, Anderson pleaded guilty to the charge of driving without a license.
*514 Since his injuries caused him to be away from work until March, 1972, and since the injuries did not arise out of or in the course of his employment, Anderson sought disability payments under the Disability Benefits Law (Workmen’s Compensation Law, art 9). Anderson’s claim for such benefits was rejected by the insurance carrier on the ground that he was "performing an illegal act” when injured. Upon Anderson’s request for review, the Workmen’s Compensation Board, by a 2-1 vote, ruled that Anderson’s driving without a license was not the type of "illegal act” which would justify a rejection of his claim, and made an award of disability benefits to Anderson. Upon appeal, the Appellate Division unanimously affirmed that decision.
The insurance carrier contends on this appeal that, since driving without a license was an "illegal act” under subdivision 4 of section 205 of the Workmen’s Compensation Law, claimant is not entitled to benefits. That section provides, in relevant part, that "[n]o employee shall be entitled to benefits under this article * * * for any disability * * * resulting from any injury or sickness sustained in the perpetration by the employee of an illegal act”. The statute does not define "illegal act” and we have not previously passed on the scope of that phrase. In affirming this award, the Appellate Division relied in part upon its earlier decision in Matter of Bauer v 590 West End Co. (28 AD2d 1151) in which it held that hunting without a license in Pennsylvania, although a violation of statute, is not such an "illegal act” within the meaning of subdivision 4 of section 205 to bar recovery. Unlike Bauer, in which the court declined to "determine more definitively the full extent of the limitations of subdivision 4 of section 205”, the Appellate Division in this case articulated its view that the Workmen’s Compensation Board "may properly require that an 'illegal act’ which will bar recovery bear some direct causal relationship to the injury giving rise to the claim” (45 AD2d 664, 665).* Although we agree with this "causal relationship” test, we take this opportunity to elaborate on the application of that test to these facts.
*515 Certainly, there are some illegal acts which would bear no causal relationship, in the disability benefits context, to the injury sustained. The violation of the hunting licensing statute in Matter of Bauer v 590 West End Co. (28 AD2d 1151, supra) is one example. The Pennsylvania statute which was violated in that case specified no qualifications, other than age and residence, for obtaining the license; no showing of competency with a weapon or knowledge of safety rules was required. (Pa Stat, tit 34, §§ 1311.302, 1311.303.) Presumably, the purpose of that statute was to raise revenue and to aid in conservation. (See Pa Stat, tit 34, § 1311.1401.) However, our statute requiring licensing of all motor vehicle operators serves the more critical function of insuring public safety on the highways. (People v Joy, 50 Misc 2d 690, 692.) Before obtaining a license, an applicant must pass certain tests related to driving skill (Vehicle and Traffic Law, § 502, subd 4.) Thus, it may well be that a person who drives without a license does so because he lacked the necessary skill to qualify for a license as required by the statute. On the other hand, there may be situations where, for example, the lack of possession of a valid license merely results from an oversight in renewing an expired license, or from a failure of a non resident licensee to obtain a New York license within 60 days of becoming a resident of New York.
After balancing the policy of liberal construction of the disability benefits law against the legislative intent to limit recovery, we would not preclude a claimant from receiving disability benefits merely because he was disabled as a result of an injury sustained while he was driving a motor vehicle without a driver’s license. Rather, it seems to us, there should be some evidence to link the absence of a valid driver’s license with the accident and resultant disability. Therefore, where a claimant is injured while operating a car without a license, it would be incumbent on the insurer to show (1) that the claimant was not licensed at the time of the accident; and (2) that the accident and injury were due to a lack of driving skill. Then, at that point, the claimant might show that even though he had been driving a car without a license, he was really adequately skilled as a driver, or, even if he was unskilled as a driver, his lack of skill was not relevant to the cause of the accident and injury.
Since the insurer here resisted payment solely on the ground that the claimant had violated the law, without offer *516 ing any proof that the accident and the resultant injuries were caused in some degree by his lack of driving skill, we would affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
Order affirmed, with costs.

 This imposition of a "causal relationship” test would appear to place the Disability Benefits Law on an equal footing in this regard with the rule applicable in the case of private accident and sickness insurance, which requires that the illegal act be a "contributing cause” of the injury (Insurance Law, § 164, subd 3, par [B], cl [10]), except, of course, that the illegal act under subdivision 4 of section 205 of the Workmen’s Compensation Law need not necessarily be a felony as required by the Insurance Law.