■    In the Matter of the Claim of DANIEL P. TULLY, Appellant, v INTERSTATE FLOOR COVERING ONONDAGA SUPPLY CO., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 11, 1977, which held the claimant ineligible for benefits. As the result of a one-car accident on November 9, 1975, claimant pleaded guilty to the charge of driving while intoxicated (Vehicle and Traffic Law, § 1192). Disability benefits were denied because the claimant was injured while perpetrating an illegal act (Workers' Compensation Law, § 205). A *coram nobis* motion brought on behalf of the claimant was granted and his conviction of driving while intoxicated was vacated. Thereafter, he entered a plea of guilty to driving while ability is impaired (Vehicle and Traffic Law, § 1192, subd 4), a traffic infraction rather than a misdemeanor. The issue before this court is whether, on this record, a plea of guilty to driving while ability is impaired precludes recovery for injuries sustained in the accident (Workers' Compensation Law, § 205). We hold that it does. The facts of this case, a one-car accident without apparent mechanical cause or other explanation, together with the claimant's admission that at the time of the accident his ability to drive was impaired, permitted the inference by the board that the impairment of the claimant caused the accident. Such an admission links the illegal act of the claimant to the accident and disability *(Matter of Anderson v Cohen Iron Works,* 38 NY2d 511). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.