OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Appellate Division correctly held, as a matter of law, that claimant was not entitled to workers’ compensation benefits. The Workers’ Compensation Board found that the automobile accident in which claimant was injured was caused by the faulty brakes on his vehicle. Claimant’s own testimony at the compensation board hearing was that he knew and had known that the brakes on his car needed repair. By continuing to operate the vehicle knowing that the brakes were in need of repair, claimant was violating subdivisions 1 and 32 of section 375 of the Vehicle and Traffic Law.
Subdivision 4 of section 205 of the Workers’ Compensation Law stated that: “No employee shall be entitled to *841 benefits under this article * * * for any disability * * * resulting from any injury or sickness sustained in the perpetration by the employee of an illegal act”. We have held that in order to bar an award of compensation benefits, the illegal act must be causally related to the injury. (Matter of Anderson v Cohen Iron Works, 38 NY2d 511, 515.) We adhere to that interpretation of the policy behind the Workers’ Compensation Law. On the proof that was before the board, it could properly find that the illegal act — that is, the use' of the vehicle with the knowledge that the brakes were defective — was the cause of the accident.
Since the board found on substantial evidence that the accident was caused by the operation of a defective vehicle, the Appellate Division correctly reversed the Workers’ Compensation Board and dismissed the claim. (Workers’ Compensation Law, § 23.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.