■ In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE, on Account of MICHAEL FERRY, Deceased, Respondent, v BRAD FISHER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September

30, 1981. Decedent was employed as a potato picker on the appellant employer's farm. On reporting for work, he was advised that his wages were based on a certain amount per bag of potatoes picked. He was given picking baskets and directed to a row by a field worker. After working about half an hour to 45 minutes and picking three or four bags of potatoes, he became ill. He then handed his filled bags to a co-worker and went to lie down to rest under a bus on the farm premises. The bus was unexpectedly started and in attempting to crawl out decedent was run over by the right rear tires resulting in his death. The board reversed the Administrative Law Judge and found that decedent was not feeling well and was going over to the bus to rest up and that under the presumptions of section 21 of the Workers' Compensation Law he had sustained a causally related accident and death. This appeal ensued. It is argued that decedent abandoned his employment and, therefore, the accident did not arise out of and in the course of his employment. Whether a certain activity is within the course of employment is a question of fact for the board's resolution and the board's decision will only be disturbed if it is unsupported by substantial evidence (*Matter of Marchand v Sperry Gyroscope Co.,* 19 AD2d 687). The departure by an employee from the strict line of his duties does not conclusively establish that he was acting entirely outside of his employment at the time (*Matter of Corrina v De Barbieri,* 247 NY 357). Upon consideration of the entire record, we are of the view that the board's determination is supported by substantial evidence and, therefore, the decision should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.