■ In the Matter of the Claim of ANNA RICHARDSON, Respondent, v FIEDLER ROOFING, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 29, 1983, which ruled that decedent's death was causally related to his employment and awarded death benefits.

On January 20, 1981, decedent, employed as a roofer for approximately three years, fell from a rooftop where he had been assigned to make certain repairs. A coemployee testified that, while he and decedent were waiting for the necessary work material to arrive, each removed a copper downspout from the building's exterior to sell as salvage. While pretending to examine exterior walls to avoid suspicion, decedent slipped on ice atop a parapet wall and fell to his death. The Workers' Compensation Board determined that the accident arose out of and in the course of decedent's employment and sustained an award of death benefits in favor of his five minor children.

On this appeal, the employer and its insurance carrier maintain that the accident occurred during a deviation from employment and, thus, was not compensable. Whether a certain activity occurs during the course of employment presents a factual issue for Board resolution, which determination will not be disturbed when supported by substantial evidence (*Matter of Commissioner of Taxation & Fin. v Fisher*, 89 AD2d 664). The pertinent standard in determining whether specific activities are within the scope of employment or purely personal is the reasonableness of such activities under the circumstances (*Matter of Capizzi v Southern Dist. Reporters*, 61 NY2d 50, 55; *Matter of Anadio v Ideal Leather Finishers*, 32 AD2d 40, 42, *lv denied* 25 NY2d 737). Where, as here, an employee is directed to wait for a specified period of time, i.e., until the materials arrived, "he is not required to remain immobile and inactive but he is free to indulge in any reasonable activity during the waiting period" (*Matter of Anadio v Ideal Leather Finishers, supra*, p 42; *see, Matter of Capizzi v Southern Dist. Reporters, supra*, p 53). The Board is afforded wide latitude in construing what constitutes reasonable activity of an outside worker (*Matter of Anadio v Ideal Leather Finishers, supra*, pp 42-43). The issue thus distills to whether decedent was engaged in a reasonable activity at the time of the accident.

Although decedent's conduct in removing the copper downspout may have been illegal, the employer's foreman confirmed that the removal of these items was a common practice in the industry and that employees were not fired for engaging in such activities. Inasmuch as the employer simply replaced all missing pipes, the Board could infer an acknowledgment by the employer that such behavior was reasonably to be expected. Moreover, decedent did not fall while removing the pipe, but while he was inspecting the walls of the building, albeit in an area away from the actual work site. Under these circumstances, we are of the view that the Board's conclusion that decedent had not deviated from his employment at the time of the accident and that his death is compensable is supported by substantial evidence (*see, Matter of Commissioner of Taxation & Fin. v Fisher, supra,* p 665; *Matter of Orbon v Pine Lane Poultry,* 77 AD2d 752; *Matter of Anadio v Ideal Leather Finishers, supra*). That decedent may have violated a provision of the Penal Law in removing the downspout does not mandate a different result (*see, Matter of Perry v Town of Cherry Valley,* 282 App Div 908, 909, *affd* 307 NY 427; 1A Larson, Workmen's Compensation § 35.20). Accordingly, the decision should be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). The recitation of facts in the decision of the Workers' Compensation Board describes, in detail, the perpetration of a larceny which was the sole and proximate cause of the death of decedent. The Board then finds, based on the testimony of decedent's foreman, that since this type of activity is common practice in the roofing industry, it is not a deviation from or an abandonment of employment.

I cannot stretch the concept that an accident arising out of and in the course of employment includes the theft of another's property for the personal gratification of the thieves, for that is, essentially, what is held by the majority when it affirms the Board's decision in this case. It is, in my view, an erroneous evaluation of the record in its entirety, unsupported by any evidence of substance, and contrary to the letter and spirit of the Workers' Compensation Law and prior decisions of this court and the Court of Appeals in similar circumstances (*see,* Workers' Compensation Law § 205; *Matter of Reynolds v Masick,* 56 NY2d 839; *Matter of Tully v Interstate Floor Covering,* 63 AD2d 1113). Clearly, the case of *Matter of*

*Perry v Town of Cherry Valley* (282 App Div 908, *affd* 307 NY 427), relied upon by the majority, is distinguishable from the matter at hand.

I would reverse the Board's decision and dismiss the claim.