■ In the Matter of the Claim of ESTHER MENDEZ, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed June 13, 1988, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Claimant was employed by the City of New York as a receptionist at the 24th Precinct police station. Her duties

required her to be stationed at a desk near the entrance to the building. On April 4, 1985, while performing her usual work, claimant heard a loud explosion outside the police station. She left her desk, looked out the window and then went out onto the front stoop of the building, where she suffered injuries as the result of smoke, fire and vapor shooting out of a manhole. Claimant reported the injuries to her supervisor, and the employer made an application for workers' compensation benefits on claimant's behalf. Claimant, having instituted a tort action against the employer as a result of the explosion, opposed the claim, asserting that her injuries were not compensable because she had abandoned her employment. After a hearing, a Workers' Compensation Law Judge determined that claimant's injuries had occurred "within the parameters and precints [sic] of [her] employment" and, on appeal, the Workers' Compensation Board affirmed. Claimant appeals.

We affirm. "Once within the course of employment, an employee remains within the protection of the Workers' Compensation Law so long as his or her activities are found by the Board to be 'reasonable and sufficiently work related under the circumstances' " (Matter of Purdy v Savin Corp., 135 AD2d 975, 976, quoting Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249), which is a factual issue for the Board's determination (supra). Here, there was substantial evidence to support the Board's determination that claimant had not abandoned or deviated from her employment prior to sustaining the injuries forming the basis for her claim. Although claimant contends that she fled the police station after the explosion with no intention of reentering, and returned only when forced back by the fire, smoke and vapor, her testimony at the hearing was that she "wanted to see what was happening" and that she "went to investigate". This, coupled with the fact that she did not take her coat or anything else with her and returned to her work place after standing on the stoop for only one minute, more than adequately supports a finding that she intended to return to her post after determining the source of the noise (see, Matter of Commissioner of Taxation & Fin. v Fisher, 89 AD2d 664). Moreover, because an effort to flee a building is a reasonable reaction to a nearby explosion, the Board was entitled to find that the accident was an incident and risk of claimant's employment even if claimant's version of the events was credited (see, Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144-145).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.