THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT LEROY DEWITT, Appellant.

County Court, Fulton County, December 4, 1940.

*Dennison & Pulsifer*, for the appellant.

*Willard L. Best, Assistant District Attorney*, for the respondent.

CALDERWOOD, J.  On August 17, 1940, the defendant, a youth seventeen years of age and a resident of the city of Johnstown, N. Y., was arrested on or prior to an information sworn to on said date by Trooper W. J. Sullivan of the State Police Department charging that at about eight o'clock in the afternoon of that date at a public highway in the town of Caroga, in said county, he " did commit the crime of misdemeanor Inadequate Brakes in violation of Section 15 of the Vehicle and Traffic Law of the State of New York by wrongfully, unlawfully, willfully and knowingly did operate a motor vehicle on the public highway to wit a 1930 Ford bearing New York registration 6F-73-88 without having the same equipped with adequate brakes in compliance with the standards of efficiency set up by the Motor Vehicle Bureau Could not stop in less than 80' at 20 miles per hour."

Defendant was taken before Richard Sweet, a justice of the peace of the said town, during the evening of said day, appeared by an experienced attorney, plead not guilty to the crime charged, and after trial by said justice without a jury he was convicted of the crime charged and sentenced to imprisonment for ten days in the Fulton County Jail or to pay a fine of ten dollars.  From said judgment of conviction he has appealed to this court.

The aforesaid statute so alleged to have been violated provides, among other things, that (1) every motor vehicle, operated or driven upon the public highways of the State, shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use; and (2) that the Commissioner shall make rules prescribing standards of brake efficiency, except for motor vehicles the standard of brake efficiency of which are fixed by the Department of Public Service, and no brakes shall be deemed adequate within the meaning of said subdivision unless they meet the requirements of such rules.  It further provides that such rules, or any amendments thereof, shall be filed in the office of the Secretary of State and thereafter published once in the State Advertising Bulletin and shall become effective one month after such publication.

Subdivision 1 of section 70 of said Vehicle and Traffic Law provides, among other things, that the violation of any of the provisions of said section 15 with respect to adequate brakes shall constitute a misdemeanor, also the punishment therefor; further, that the trial court shall indorse on the operator's license of the defendant, when space therefor is provided by the Commissioner, the record of such conviction.

The burden was upon the People to establish beyond a reasonable doubt that the defendant was guilty of the crime charged.  The

appeal herein is to be determined solely upon the evidence set forth in the returns made by the trial justice.

From the original return herein it appears that the only witnesses sworn and testifying on said trial were said complaining trooper and the defendant. No stenographer was employed at the trial and "no minutes were taken of the trial." It states that the substance of the testimony of the complainant was to the effect that the defendant was operating the motor vehicle on a public highway while it was equipped with inadequate brakes; that the brakes worked on three wheels and not on the fourth; that the vehicle could not be stopped within eighty feet at a speed of twenty miles per hour; that the defendant knew the brake rod was not working on one wheel; that he heard it break and he made no effort to get to a garage to have the brakes repaired but kept on his way to a pleasure resort for recreation with a car equipped with inadequate brakes. That is all of the evidence offered by the People to sustain said charges so far as said return discloses. As to the testimony given by the defendant it merely stated that the substance of his testimony did not deny any of the above testimony by Trooper Sullivan. On application of the appellant an order was duly made herein directing said justice to make further return as to the testimony given on said trial by the defendant. Such further or supplemental return under date of November 27, 1940, has been filed herein accordingly. My determination herein is based upon said original and supplemental returns.

After hearing the arguments of the counsel for the respective parties and reviewing said returns I am convinced that the People failed to establish beyond reasonable doubt that at the time and place in question the defendant was guilty of the crime as charged.

Under the statute first above referred to, the rules of the Commissioner prescribing standards of brake efficiency are the measure to be employed in determining whether or not at the time in question adequate brakes had been provided, and whether or not the crime charged had actually been committed. Such rules are not set forth in the statute. Consequently it seems to me it was incumbent upon the People to establish what these rules, if any, were. This they failed to do.

Again, it appears from the uncontradicted testimony of the defendant that each of the four wheels of his said motor vehicle was equipped with adequate brakes; that within a week prior to his said arrest the brakes aforesaid had been relined with new linings by Vedder's garage, installed therein by the defendant, and were then adjusted and tested by the Standard Oil filling station on East Main street in said city; and that within five days prior to

his said arrest said car and brakes had been tested by said Trooper Sullivan himself.

On the day in question defendant was proceeding with his said motor vehicle from said city to the summer resort at East and West Caroga Lakes via gravel and dirt road leading from Wollager's greenhouse to Cosselman's store at North Bush, and by the Oak Ridge road from North Bush to the Gloversville-Caroga Lake road. After he had passed Cosselman's Corners and proceeded along said Oak Ridge road the brake rod on one of his forward wheels broke. Up to this time there is no claim that the brakes to his said motor vehicle were inadequate or that he was violating any law. The garage nearest the place of said accident was the Davis garage at Unger's Hotel, West Caroga Lake, some two or three miles distant. Defendant proceeded up said Oak Ridge road to said Gloversville-Caroga Lake main road and thence to a cottage on East Caroga Lake occupied by Thomas R. Briggs where he had dinner. He then proceeded along said Gloversville-Caroga Lake highway toward West Caroga Lake and while so proceeding he was arrested by the trooper. The brakes on three of the wheels of his said car were then working. Following the breaking of said brake rod defendant drove slowly and carefully and with his car under complete control. He had no collision with or accident affecting any other car or person. The proof shows that the aforesaid condition of his said car at the time he was so arrested was not due to the negligent or willful operation of a car not equipped with adequate brakes but rather to a pure accident, the snapping of said one brake rod while *en route.* He testified that at the time in question he was not operating his said car with intent to break a law but only to proceed to the nearest place at which it could be repaired. The Briggs cottage, where he stopped for dinner, was between the place of the accident and said garage. On cross-examination the defendant testified he did not intend to go to said garage in the first instance but intended to go to the Swears cottage (on West Caroga Lake) to see if he could fix said brake rod himself.

This appeal presents for determination a question in construing the provisions of said subdivision 1 of section 15, which so far as I have been able to ascertain from the reported cases has not been passed upon by our courts. In the reported cases where convictions for violation of said section have been had and sustained the condition of the inadequacy of the brakes had been one of long standing, a defect which was, or in the exercise of due care should have been, known to the offender and which in itself evidenced neglect of duty on his part and an intent to disregard the law in question. The operator of the car had failed to provide same with

brakes adequate to control the car while in use on the highways. But such situation did not exist in the case at bar. Here, and within a very recent time prior to his arrest, the defendant had provided his car with adequate brakes. The fair inference from the uncontroverted proof is that when he started for the Caroga Lakes on the day in question his car was equipped with adequate brakes, and that he had no knowledge of any defect therein. While *en route* an accident occurred which, in the exercise of reasonable care, could not have been foreseen — the brake rod controlling one of the forward wheels of his car broke. This occurred in a sparsely settled location, which was chiefly forest lands, two or three miles distant from the nearest garage, and at a much greater distance from other available garages. In this emergency was the defendant guilty of a violation of the statute in question, when he proceeded as he did in the exercise of due care to the nearest place where he could repair the broken rod or have it repaired? In my opinion to so hold would be to place an unreasonably harsh construction on such statute and one which was never intended by the Legislature. The purpose of such statute was to insure safety both to persons and property upon the highways. I think that under the circumstances of this case the defendant had the right to proceed to a place where the needed repairs could be made, in the exercise of such care as was required to prevent injury to the person or property of others. That he exercised such care is apparent. In so proceeding I find in the proof no evidence either of criminal intent or culpable negligence on the part of the defendant. Under the facts and circumstances disclosed and established by the uncontroverted evidence, it seems to me that the branding of this young man as a criminal by said conviction was and is unwarranted.

In my opinion, and without for a moment questioning the sincerity of the trial justice, the judgment of conviction herein should be reversed because contrary to law and against the weight of evidence, and I so decide and direct.

Order may be prepared and submitted for signature accordingly.