THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN PULIZZI, Defendant.

City Magistrate's Court of New York, Borough of Queens, North Queens Traffic Court, November 30, 1950.

No appearance for plaintiff.

*Paul F. Diggins, Jr.,* for defendant.

THOMPSON, M. Defendant herein is charged with a violation of the provisions of section 101 of article 7 of the Traffic Regulations of the City of New York in that he did operate a motor vehicle which was not provided with adequate four-wheel brakes. Said section requires (subds. 2, 3, 4):

" 2. Every motor vehicle shall have brakes which are capable of bringing it to a full stop when operated at 20 miles an hour

on dry pavement on level ground within the following distances from the point where such brakes are first applied:

2 wheel brakes .......................... 45 feet
4 wheel brakes .......................... 30 feet

" 3. Brake tests may be made with an approved decelerometer which holds its reading until released, calibrated to read in stopping distances corresponding to the maximum rate of deceleration during the stopping period, regardless of the actual distance covered in the test.

" 4. It shall be unlawful to drive a motor vehicle which does not comply with these standards."

The violation of this section is not a crime but an offense punishable pursuant to section 1063 of the New York City Charter.

Defendant, a driver of a vehicle owned by the Long Island Rail Road to which there was attached a two-wheeled trailer or " donkey " loaded with two wooden poles fifty-five feet in length, has substantially admitted that the truck stopped on application of the brakes in fifty feet which would, on mathematical calculation, constitute a 27% brake efficiency. It has been established without contradiction that the vehicle in question was equipped with brakes on four wheels, the forward being hydraulically operated and the rear being mechanically applied. Both forward and rear brakes are operated from the same foot pedal. An examination of the braking mechanism revealed that the hydraulic brakes on the forward wheels were inoperable due to the exhaustion of hydraulic fluid in the compression cylinder. No evidence of leakage immediately prior to the alleged offense was adduced in behalf of the defendant.

An analogous but nevertheless distinguishable provision regulating braking equipment may be found in subdivision 1 of section 15 of the Vehicle and Traffic Law, the violation of which is a *misdemeanor* and therefore a crime. Said section provides:

" 1. Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes * * * in good working order and sufficient to control such vehicle at all times when the same is in use ". (Latest amendment L. 1947, ch. 353.)

Interpreting this latter section of the Vehicle and Traffic Law appellate courts have been explicit but divided throughout many jurisdictions. In *People* v. *DeWitt* (175 Misc. 481, 484 [1940]) Judge CALDERWOOD at the County Court, Fulton County, on review of an unrecorded conviction of the defendant who

drove a car with knowledge of the immediate failure of the brake on one wheel said: " In the reported cases where convictions for violations of said section have been had and sustained the condition of the inadequacy of the brakes had been one of long standing, a defect which was, or in the exercise of due care should have been, known to the offender and which in itself evidenced a neglect of duty on his part and an intent to disregard the law in question."

But this interpretation has been liberally amplified to great extetn by subsequent authority. The doctrine of " *liability without fault* " which becomes immediately germane in the civil or negligence action related hereto, is sometimes employed in our criminal statutes (Workmen's Compensation Law, Labor Law, et al.) but the opinion in the case of *Schaeffer* v. *Caldwell* (273 App. Div. 263, 267–268 [4th dept., 1948]) now seemingly universally followed in the State of New York holds: " The statute (Vehicle and Traffic Law, § 15, subd. 1) is not * * * the type of statute which imposes absolute liability for the violation of its provisions regardless of negligence. No such construction should be placed upon the statute unless it clearly appears that the Legislature so intended. We find no such intent. *In the absence of such intent* it *is for the jury to decide whether the exercise of reasonable care will excuse the observance of the statute.*" (Italics supplied.) (Reviewing *Martin* v. *Herzog*, 228 N. Y. 164, 168, 170; *Joyce* v. *Brockett*, 205 App. Div. 770, 772, affd. 237 N. Y. 561; *Donovan* v. *Garvas*, 121 Misc. 24; *Lochmoeller* v. *Kiel*, 137 S. W. 2d 625 [Mo.]; *Amelsburg* v. *Lunning*, 234 Iowa 852; *People* v. *DeWitt, supra*, et al.)

As recently as 1949 in the first department, by *Per Curiam* opinion, in the case of *Joart Cab Corp.* v. *Consolidated Edison Co. of New York* (89 N. Y. S. 2d 789) the court in an action for negligence held: " It was an error to exclude testimony as to the testing of defendant's brakes prior to the happening of the accident."

It may reasonably be concluded that mere inadequacy of brakes certainly makes out a prima facie case. It is not unreasonable to conclude that the meaning and implication of the instant section of the traffic regulations is at least as malum prohibitum as section 15 of the Vehicle and Traffic Law. As a summary offense, not a crime, its language is much more definitive and may certainly be held to be imposing of more liability and more restrictive.

The question then to be determined by this court without jury is whether defendant herein did actually exercise that reasonable care as to exclude him from observance of the statute.

I think not. The defendant herein operated the truck, ostensibly on his own admission, for nine days prior to August 18, 1950, and it performed in an identical manner during that time. The only variation therefrom was that when loaded with poles the braking distance was longer than when unloaded. Certainly, the defendant herein cannot lawfully establish a sudden unexplained failure. Whether loaded or light, trailer attached or no, the allowable braking distance at twenty miles per hour for four-wheel brakes is thirty feet and for two-wheel brakes forty-five feet. With this knowledge the defendant is chargeable and of the brake action for at least nine days the defendant as driver most assuredly had notice.

Since the statute specifically calls for approved decelerometer testing, the defendant's contention of the inadequacy of the test is untenable.

The motion to dismiss is denied and the defendant is found guilty as charged.