THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEONARD JANOSKE, Appellant.

County Court, Broome County, July 23, 1954.

*Theodore H. Cohn* and *Peter A. Daniels* for appellant.

*Robert E. Fischer, District Attorney* (*Louis J. Casella* of counsel), for respondent.

BRINK, J.   The defendant has appealed from a judgment of conviction following a trial before Julian A. Campbell, Esq., Justice of the Peace of the Town of Kirkwood, Broome County, New York, on March 24, 1953, on an information charging the defendant with passing a school bus in violation of subdivision 24 of section 81 of the Vehicle and Traffic Law of the State of New York.   Upon finding the defendant guilty, the Justice of the Peace imposed a fine of $10 which was paid.

The defendant contends, that under the evidence there is a reasonable doubt, as to whether the defendant actually passed the school bus.   There was sufficient evidence before the trial court to find, that after the school bus had stopped to discharge passengers with red signal lights flashing as required by the statute, the defendant who was operating his car in an opposite direction, upon meeting the school bus failed to stop until the front end of his car was opposite the rear portion of the bus. The defendant was not only warned by the flashing red signal lights, but the driver also signaled the defendant by blowing his horn and waving, when it appeared as if the defendant were not going to stop.   The statute provides, that any pupils crossing the highway, must cross in front of the bus and the driver shall keep the bus halted with the red signal lights flashing until such pupils have reached the opposite side of the highway.   From this provision of· the statute, it seems apparent, that the purpose of the statute would be defeated, unless the driver meeting a school bus came to a complete stop before

passing the front end of the bus. As in many other provisions of the Vehicle and Traffic Law involving offenses *mala prohibita* rather than *mala per se*, the People are not required to establish any criminal intent on the part of the defendant. A failure to strictly comply with the provisions of the statute, is sufficient to constitute an offense. The evidence presented a question of fact before the Trial Judge, who is in the best position to determine the creditability of the witnesses.

The judgment of conviction should be affirmed. An order may be submitted accordingly.