(March 1, 1965)

■   SYLVESTER ALFANO, Plaintiff, v. ROBERT C. AMCHIR et al., Defendants and Third-Party Plaintiffs-Appellants. FORD MOTOR COMPANY, Third-Party Defendant-Respondent; LEVITTOWN MOTORS, INC., Third-Party Defendant.— In a negligence action to recover damages for injury to person and property, arising from an automobile accident, in which both of the defendants, Robert C. Amchir and Ralph G. Amchir, served a third-party complaint on Ford Motor Company (and another) as third-party defendants, the defendants, as third-party plaintiffs, appeal from an order of the Supreme Court, Nassau County, dated June 11, 1964, which, on motion of Ford Motor Company, severed the action and dismissed the third-party complaint as to it for failure to state a cause of action and directed the entry of judgment accordingly. At the time of the accident, the defendant Robert C. Amchir was operating the automobile which was owned by the defendant Ralph G. Amchir. Order modified by amending its decretal paragraphs as follows: (a) so as to grant the motion of Ford Motor Company to the extent of severing and dismissing as against it the third-party action of the defendant Robert G. Amchir only, and directing the entry of judgment in its favor accordingly, without costs; and (b) so as to deny the motion of Ford Motor Company to the extent that it seeks to sever and dismiss as against it the third-party action of the defendant Ralph G. Amchir. As so modified, order affirmed, without costs. Under the pleadings, the sole cause of the accident may be found to have been defective brakes. The owner of a vehicle is required by law to have adequate brakes (Vehicle and Traffic Law, § 375, subd. 1). His liability for noncompliance, however, is not absolute; he is required to take reasonable steps to inspect the brakes and to ascertain their safety (*Wheeler* v. *Rabine,* 15 A D 2d 407; *Schaeffer* v. *Caldwell,* 273 App. Div. 263). While the owner is not in the class of the supplier of a dangerous instrumentality who has a duty to inspect (*La Rocca* v. *Farrington,* 276 App. Div. 126, 129), the owner here is charged with constructive notice of the defect. But he is not *in pari delicto* with the creator of the defect. As between them, the owner may be found passively negligent and the creator actively negligent (cf. *Gilbert* v. *Barouch,* 10 A D 2d 984). On the other hand, the driver can be cast in liability only for negligent operation of the automobile; and such fault on his part would be active negligence which would bar his claim for indemnity. If he drives the vehicle with actual notice of defective brakes, then his negligence is active and bars recovery. Such negligence, however, is also attributable to the owner (Vehicle and Traffic Law, § 388). In such event, if the owner had no actual knowledge of the defect, his liability would be solely derivative by virtue of law. Hence, in the case at bar the active negligence of the driver would not preclude a third-party action by the owner against the one primarily at fault (*Lipsman* v. *Warren,* 10 A D 2d 868). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.