Pierre G-. Lundberg, J.
On or 'about May 26, 1969, defendant was charged with violation of sections 375 (subd. 1) and 1174 (subd. [a]) of the Vehicle and Traffic Law. To these charges, driving without adequate brakes, a misdemeanor, and passing a stopped school bus, a traffic violation, defendant entered pleas of guilt in the Court .of Special Sessions, Town of Southampton, and was fined on or about October 14, 1969.
On July 22, 1969, defendant was indicted on three counts alleging criminally negligent homicide, reckless endangerment in the first degree, reckless endangerment in the second degree based upon an order of May 29,1969, of the said Court of Special Sessions, Town of Southampton, holding defendant to answer upon the charge of criminally negligent homicide..
Defendant pleads not guilty to the indictment and also has plead a former judgment of conviction (Code Crim. Pro., § 332, subd. 3; § 334). The facts as to the prior conviction are agreed to by stipulation and, thus, the plea may be determined as a question of law (People v. Brophy, 255 App. Div. 821, affd. 280 N. Y. 618).
Count 1 of the indictment alleges that defendant committed the homicide by operating a motor vehicle in this county 1 ‘ when traveling at an excessive rate of speed with knowledge that the brakes of said motor vehicle were faulty and because of same he *1059 was unable to control said motor vehicle and passed a stopped school bus which was discharging passengers ”.
Count 2 charges reckless endangerment first degree in that defendant “ evinced a depraved indifference to human life when he recklessly engaged in conduct which created a grave risk of death to another person, to wit, while operating a motor vehicle etc.” and repeats the allegations as to speed, brakes, and passing a school bus contained in Count 1.
Count 3 charges second degree reckless endangerment alleging again the identical overt acts set forth in the first two counts.
Defendant’s criminal liabilities under the indictment are based on three grounds (1) operating a motor vehicle at an excessive rate of speed, (2) with knowledge that the brakes were faulty, and (3) because of (1) and (2), he was unable to control his vehicle and passed a stopped school bus striking a person disembarking from the bus.
Subdivision (d) of section 1800 of the Vehicle 'and Traffic Law states: ‘‘ A conviction of violation of any provision of this chapter shall not be a bar to a prosecution for an assault or for a homicide committed by any person in operating a motor vehicle or motorcycle.”
Defendant, among other cases, cites People v. Martinis (46 Misc 2d 1066, affd. 25 A D 2d 620) and Waller v. Florida (397 U. S. 387).
In Martinis, Justice Silverman resorted to Judge Burke’s test stated in Matter of Martinis v. Supreme Ct. (15 N Y 2d 240, 251-252): ‘ ‘ The test is whether the defendant has committed inseparable acts made punishable by more than one statute or whether he had committed separate and distinct acts each of which was a violation of law.”
Waller v. Florida is distinguishable in that the convictions here were of State statutes and not municipal ones and the State scheme includes the aforesaid subdivision (d) of section 1800 of the Vehicle 'and Traffic Law.
In applying the test of Judge Burke neither the conviction for the traffic violation nor the misdemeanor bars the prosecution of the counts of this indictment.
While subdivision 1 of section 375 of the Vehicle and Traffic Law does not impose an absolute liability (cf. Wheeler v. Rabine, 15 A D 2d 407 ; Alfano v. Amchir, 23 A D 2d 659), knowledge or intent are not requisites to a violation of the statute. The test appears to be reasonbleness of inspection and reasonableness of the circumstances (Wheeler v. Rabine, supra ; Alfano v. Amchir, supra ; People v. DeWitt, 175 Misc. 481). Further, *1060 a violation of subdivision (a) of section 1174 of the Vehicle and Traffic Law is mala prohibita (People v. Janoske, 206 Misc. 155).
Here the indictment charges a knowledge of the defect as well as a contemporaneous operation of the motor vehicle at an excessive speed neither of which were necessary ingredients of the two convictions (see and cf., People v. Dwight S. (Anonymous), 33 A D 2d 1032 ; Covington v. Supreme Ct., 21 A D 2d 822, affd. 15 N Y 2d 855). Nor are negligence or recklessness any part of the two convictions of defendant and this is where this case becomes distinguishable from People v. Martinis (46 Misc 2d 1066, affd. 25 A D 2d 620, supra).
Other distinctions can be found in that in Martinis (supra) defendant was acquitted and here defendant entered a plea of guilty to a contemporaneous lesser charge.
Ward v. Page (424 F. 2d 491, 493) decided subsequent to Waller v. Florida (397 U. S. 387, supra), is quoted as stating: “ but the double jeopardy implications reverberating from a guilty plea and a jury verdict are not identical. * * * We have found no eases, and appellant alludes to no authority which suggests that a guilty plea to a lesser offense operates as an acquittal on all greater offenses.”
It should 'also be noted that the Court of Special Sessions of the Town of Southampton has no jurisdiction over two of the counts charged in this indictment and this court has no jurisdiction over traffic violations such as subdivision (a) of section 1174 of the Vehicle and Traffic Law, since it is not a crime (Code Crim. Pro., § 39). This would be an exception to the double jeopardy clause as noted by Mr. Justice Brennan in footnote 7 of his opinion in Ashe v. Swenson (397 U. S. 436, 453).
The motion to dismiss the indictment on the ground of double jeopardy under the. plea of prior conviction is in all respects denied.