memorandum by the court.
In our opinion, the proof was insufficient to establish that the defendant “ operated ” the vehicle within the meaning of former subdivision 2 of section 1192 of the Vehicle and Traffic Law. The evidence tends to show, we believe, that the movement of the car was unintentionally caused by this defendant who was seated in the passenger seat at the time of the accident. An act may be criminal without intent or knowledge, but an involuntary act is not criminal (People v. Shaughnessy, 66 Misc 2d 19; Hornstein v. Paramount Pictures, 22 Misc 2d 996, affd. 266 App. Div. 659, affd. 292 N. Y. 468; see Penal Law, art. 15).
We are also of the opinion that the evidence was insufficient to have found the defendant guilty of leaving the scene of the accident, where the uncontradicted proof showed that the codefendant, who is the owner of the car, actually drove it from the scene, and there was no evidence that this defendant aided; assisted or advised the driver in the operation or control of the car (see 62 ALR 2d 1134). The judgment convicting defendant of the crimes of driving while intoxicated and leaving the scene of an accident should he unanimously reversed on the law and facts and complaint dismissed.
Concur — Gboat, P. J., Schwabtzwald and Mabgett, JJ.
Judgment reversed, etc.