■ In the Matter of the Claim of DAVID REYNOLDS, Respondent, v VINCENT R. MASICK, Appellant, and SPECIAL FUNDS FOR DISABILITY BENEFITS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer from decisions of the Workers' Compensation Board, filed December 19, 1979 and March 21, 1980, which affirmed an award of disability benefits to claimant. Claimant was 27 years old and worked as a carpenter for the employer herein when, on June 13, 1978, the automobile which he was driving failed to negotiate a turn on Highland Park Road in the Town of Duanesburg and struck a tree. As a result of the mishap, claimant sustained multiple injuries, and the board ultimately determined that the accident was caused by faulty brakes on the vehicle and that, therefore, claimant was entitled to disability benefits. On this appeal, the employer contends that claimant should be denied benefits pursuant to subdivision 4 of section 205 of the Workers' Compensation Law, which provides that an employee is not entitled to benefits for a disability resulting from any injury sustained in the perpetration by the employee of an illegal act. We agree. In so ruling, we initially note that there is strong evidence in the record indicating that claimant was drinking beer for several hours immediately preceding the accident and that he might well have been intoxicated and speeding when the mishap occurred. The board chose to believe that neither intoxication nor speed were the cause of claimant's injuries and disability, however, and we do not here disturb its resolution of those factual issues. Considering the board's ultimate conclusion on the issue of causality, i.e., that the accident was caused by faulty brakes on claimant's automobile, the board states in its decision that this finding was based specifically on claimant's own testimony, which actually provides the only basis in the record for the board's ruling. Significantly, an examination of claimant's testimony on this issue reveals that it was his opinion at the time of the accident that the brakes "weren't good" and that the car "wasn't really a safe car to be driving" because he had been informed several months before of the vehicle's defective condition and had neglected to rectify it. That being so, it is clear that claimant was knowingly operating the vehicle with defective brakes in violation of subdivision 1 of section 375 of the Vehicle and Traffic

Law, and, accordingly, was guilty of a misdemeanor (Vehicle and Traffic Law, § 375, subd 32). Given these circumstances and accepting the board's finding that faulty brakes were the cause of the accident, claimant's injuries and disability were obviously a direct result of an illegal act, the violation of subdivision 1 of section 375 of the Vehicle and Traffic Law. Such being the case, disability benefits must be denied (Matter of Anderson v Cohen Iron Works, 38 NY2d 511). Decision reversed, and claim dismissed, with costs to the employer against the Workers' Compensation Board. Mahoney, P.J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.