OPINION OF THE COURT
Ute Wolff Lally, J.
Defendant was charged with a violation of section 375 (1) of *771 the Vehicle and Traffic Law (insufficient brakes), an unclassified misdemeanor.
At the beginning of the trial the parties stipulated to the following facts for purposes of this trial.
On May 1, 1987 at approximately 11:35 p.m. the defendant was involved in a two-car accident at the intersection of Washington Avenue and Nassau Parkway in Oceanside, New York. Defendant was the owner and operator of a 1972 Oldsmobile station wagon, New York registration No. UKT 792. The driver of the other vehicle died as a result of injuries suffered in that accident. The decedent failed to yield the right-of way at a stop sign at that intersection. The decedent’s blood alcohol level was .10%. Both vehicles were impounded. The defendant’s vehicle was inspected by A1 Stern of Al’s Towing Corporation and as a result of that inspection the instant charge was brought.
The People called a single witness, A1 Stern, who testified that his corporation towed the vehicle to its facility where the brakes were inspected. All the wheels were pulled off and checked. The two front wheels and the left rear wheel were found to be within the guidelines promulgated by the Commissioner of Motor Vehicles prescribing standards of brake efficiency. However, the right rear wheel was insufficient in that the asbestos lining was cracked and in certain places was less than Vie of an inch thick and that the brake drum was scored. Therefore, the right rear wheel did not satisfy the Commissioner’s guidelines.
The defendant testified that she had not experienced any problems with the braking system of the car. She did not hear any squeaks or other noises. She did not notice any leaking of brake fluid and was able to stop properly at a stop sign just minutes before the accident. Further, the car had been inspected in September 1986 and had a proper inspection sticker affixed to the windshield.
The defense also called Mr. Troiano, defendant’s husband, who had been employed as an automobile mechanic until 1983. Following Stern’s inspection, Mr. Troiano towed the vehicle in question back to his house. He pulled off all four wheels and examined the brake shoes and lining and found the brake lining on the right rear wheel to be a little more than Vi 6 of an inch at its thinnest point and, consequently, adequate.
At the end of the People’s case the defendant moved for a *772 trial order of dismissal due to People’s failure to make a prima facie showing that defendant had any knowledge of or any reason to believe that the brakes were defective. In opposition the People have argued that Vehicle and Traffic Law § 375 (1) "does not speak in terms of knowledge” and that the "wear pattern of the brakes speaks for itself’. Therefore, the People appear to advance the arguments that the statute is one of strict liability and that an inference of knowledge on the part of the defendant can be drawn from the mere fact that one break was inadequate. Having reserved decision the court now turns to the dismissal motion.
Vehicle and Traffic Law § 375 (1) provides in pertinent part: "[e]very motor vehicle, operated or driven upon the highways of the state, shall be provided with adequate brakes”. Vehicle and Traffic Law § 375 (32) reads in pertinent part, "[t]he violation of any of the provisions of this section with respect to adequate brakes except those relating to emergency or hand brakes shall constitute a misdemeanor”.
The court will first deal with the question of whether the statute is one of strict liability. The plain language of Vehicle and Traffic Law § 375 (1) does not require a mens rea or a culpable mental state as an element of the crime and in reliance thereon the People have made no attempt to make a prima facie showing that defendant knew or had any reason to know of the defect.
"Culpable mental state” means intentional, knowing, reckless or criminally negligent conduct. (Penal Law § 15.00 [6].) If the commission of a particular offense or some material element thereof does not require a culpable mental state on the part of the actor, such an offense is one of " 'strict liability.’ ” (Penal Law § 15.10.)
It is a well-known principle of statutory construction that absent the Legislature’s clear indication of an intent to impose strict liability, a statute should be construed to require a mens rea. No such intent has been expressed by the Legislature with regard to Vehicle and Traffic Law § 375 (1).
Penal Law § 15.15 (2) states: "A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses defined both in and outside this chapter.”
Prior court decisions have supported the determination that Vehicle and Traffic Law § 375 (1) and its forerunner, former *773 Vehicle and Traffic Law § 15, were not strict liability statutes. (Schaeffer v Caldwell, 273 App Div 263; People v DeWitt, 175 Misc 481; People v Taylor, 66 Misc 2d 1058; People v Pulizzi, 199 Misc 405; Matter of Reynolds v Masick, 83 AD2d 717, affd 56 NY2d 839; Alfano v Amchir, 23 AD2d 659; Alongi v Beuter, 286 App Div 990; also see, relevant portions of Penal Law art 15.)
The second issue, namely, whether proof of inadequate brakes creates a presumption of knowledge or reasonable grounds to believe that such a defect existed, presents for determination a question which has not been passed upon by our courts.
The State’s interest in promoting highway safety is a legitimate governmental goal and might warrant such a presumption to be statutorily created by the Legislature. However, the Legislature has not seen fit to create such a presumption. Instead the State has mandated annual inspection of all motor vehicles by State certified and licensed inspection stations. This inspection includes checking the brakes. A prudent person of ordinary intelligence should be able to reasonably rely on the result of such an inspection.
Therefore, it was incumbent upon the People to make some prima facie showing that the defendant knew or in the exercise of due care should have known that the brakes were inadequate. Mere proof that the brakes were defective does not suffice to make out a prima facie case.
Accordingly, defendant’s motion for a trial order of dismissal is granted.