OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s presentence motion pursuant to CPL 330.30 (1) *576 to set aside a verdict of guilty, following a bench trial, insofar as the court convicted him of leaving the scene of an incident with personal injury and without reporting (see Vehicle and Traffic Law § 600 [2]) is denied.
The evidence adduced at the nonjury trial in this matter establishes that, on November 30, 2003, defendant, then age 21, was driving his car, that a companion was his passenger, that defendant stopped the car in the middle of the street, that his companion got out, and that the companion began damaging a Christmas decoration on someone’s front lawn. A neighbor who observed the activity went into the street to investigate, and demanded to know what the two were doing. Defendant’s companion got back into defendant’s car, and defendant, apparently unknowingly, headed the car toward the no-exit end of the dead-end street that he, his companion, and the neighbor were on. Defendant then backed up the car and hit the neighbor, who was still standing in the middle of the street. Defendant pulled forward, but backed up again and, once again, hit the neighbor. Defendant then drove off without calling the police or otherwise reporting the incident. He was caught because the neighbor, who later declined medical treatment, pulled the license plate off the back of defendant’s car as he fell to the ground (see Penal Law § 120.00). I acquitted defendant of assorted assault and harassment charges, in part because of a failure to prove that the neighbor sustained “physical injury” within the meaning of the Penal Law (see Penal Law § 10.00 [9]; see also Penal Law § 120.00), and in part because I was not satisfied beyond a reasonable doubt that defendant intended to cause physical injury or intended to alarm or annoy the neighbor. I did, however, conclude beyond a reasonable doubt that defendant committed the crimes of reckless endangerment (see Penal Law § 120.20) and leaving the scene of an incident with personal injury and without reporting.
Defendant now moves to set aside his conviction for leaving the scene of an incident with personal injury and without reporting, asserting, first, that one of the consequences of the conviction — mandatory revocation of his license (see Vehicle and Traffic Law § 510 [2] [a] [iii]) — is “Draconian” and counterproductive in light of the probability that the sentence imposed will be probation, together with therapy, activities to which, he asserts, he must drive. He secondarily contends that I erred in ruling that “personal injury” as set forth in Vehicle and Traffic Law § 600 (2) is not the equivalent of “physical *577 injury” as set forth in, e.g., Penal Law § 120.00. And he urges that the proof was insufficient to establish beyond a reasonable doubt that defendant was “aware” that the neighbor was injured.
Defendant’s present motion must be premised on a ground that appears in the record and that, if raised on appeal, would require reversal as a matter of law (CPL 330.30 [1]). Insofar as he seeks recall of the guilty verdict on the ground that a statutorily specified consequence of an as-yet-to-be-imposed sentence is, for him, too harsh, his application is procedurally defective (see People v Morgan, 271 AD2d 248 [1st Dept 2000]; People v Armstrong, 237 AD2d 452 [2d Dept 1997]; People v Grossfeld, 216 AD2d 319 [2d Dept 1995]; and see People v Williams, 305 AD2d 804 [3d Dept 2003]). Turning to the legal issues he raises, whether the proof establishes that this defendant was actually “aware” that the incident caused personal injury, i.e., injury to a person as opposed to an animal or to property, is not dispositive (cf. Vehicle and Traffic Law § 600 [1], [2]; § 601; and see People v Smith, 288 AD2d 629 [3d Dept 2001]). All that is required is that he have reason to know there was injury to a person (Vehicle and Traffic Law § 600 [2]). Since the evidence establishes that defendant was aware of the neighbor’s presence, and, indeed, that he was trying to get away from him, and since it also establishes that defendant hit the neighbor with the car, not once but twice, defendant had reason to know that the incident involved injury to a person. Finally, had the Legislature intended that the driver of a car could leave the scene of an incident without fear of criminal consequences unless the victim of the incident has sustained assault level injuries — an intention that, on its face, would be contrary to public policy (cf. People v Lindsly, 99 AD2d 99, 101 [2d Dept 1984]) — it would have used the more restrictive term “physical injury” rather than the generic term “personal injury” when setting forth the elements of the class B misdemeanor I find defendant committed {see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 95, 145, 230, 232; see also Vehicle and Traffic Law § 600 [2] [a], [b]).