OPINION OF THE COURT
Robert G. Bogle, J.
*1070 In a case of first impression, the court has been requested to rule on the standard of proof for both the level of intent and voluntary acts needed for legal sufficiency of a simplified infraction under the Vehicle and Traffic Law of New York State. Accordingly, the motion of the defendant to dismiss the simplified traffic information is determined as hereby provided.
Facts
The defendant, Robert Soe, is charged with failure to stop at a stop sign, a traffic infraction under section 1172 of the Vehicle and Traffic Law. The facts of the case are essentially without dispute. The defendant was visiting a friend in Valley Stream, New York, Nassau County, where he was staying after surgery. On April 26, 2005, he drove a few miles away to Franklin Square to visit his daughter. On his way back to his friend’s house in Valley Stream, he began to feel uncomfortable and pulled over to the side of the road. Three days earlier, the defendant had been given a prescription for four different medications, including Wellbutrin XL, a medicine known for blackouts and seizures. After the defendant had rested for 20 minutes, he continued on his trip back to his friend’s house. At approximately 8:57 p.m., the defendant’s vehicle was observed, by the police patrolman, traveling through a stop sign at the corner of Hendrickson and East avenues in the Incorporated Village of Valley Stream, Nassau County, New York. The defendant was issued a simplified traffic infraction for failure to stop at a stop sign under Vehicle and Traffic Law § 1172.
The defendant claims that he was unaware that he had gone through the stop sign. He also claims that he experienced a “blackout” or “seizure” that resulted in his momentary lack of consciousness. The defendant was also unfamiliar with the area as he was a temporary visitor.
After the incident, the defendant revisited his doctor who informed him that the use of Wellbutrin XL, plus the other prescription drugs he consumed, could have resulted in both blackouts and/or seizures. Therefore, the doctor readjusted the medicine, and no further complications occurred.
Lastly, the defendant notes that, in 26 years of driving, this is the first occurrence where a ticket has been issued.
The Law
In order for this vehicle and traffic infraction to be dismissed, we must examine, as we do in all criminal actions, if the ele *1071 ments have or have not been satisfied. (People v Zapletova, 191 Misc 2d 48 [Just Ct, Greene County 2002].) This includes the most elementary of aspects of criminal law, and includes what, if any, mental intent is necessary (mens rea) and if the voluntary acts of the defendant were sufficient (actus reas).
As a general rule, mental intent is usually determined by the language of the statute such as “intentionally,” “knowingly,” “recklessly” and “criminal negligence.” (Penal Law § 15.05; People v Chessman, 75 AD2d 187 [2d Dept 1980].) If the statute is silent, then proof of a mental state can be presented if logically the offense would require a mental state. (People v Patterson, 185 Misc 2d 519 [Crim Ct, Bronx County 2000].) However, a court should interpret the statute in a reasonable manner. (Matter of Statewide Roofing v Eastern Suffolk Bd. of Coop. Educ. Servs., First Supervisory Dist. of Suffolk County, 173 Misc 2d 514 [Sup Ct, Suffolk County 1997].) Also, a court should not read into a statute that which could not reasonably be found. (Matter of New York Life Ins. Co. v State Tax Commn., 80 AD2d 675 [3d Dept 1981], affd 55 NY2d 758 [1981].)
The statute under which the defendant is charged reads in relevant part: “Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop sign” (Vehicle and Traffic Law § 1172 [a]). For over 75 years, this statute has remained unchanged and continuous under each generation of the Vehicle and Traffic Law.
Interestingly, there are no cases of record that define the mental intent of a traffic infraction where a moving violation is charged, at least not since the New York State Vehicle and Traffic Law was restructured and put into effect on October 1, 1960 (L 1959, ch 775), thus superceding the previous law originally enacted in 1929. However, several cases decided under the original Vehicle and Traffic Law of 1929 could shed some light for interpretation.
In People v Baxter (32 NYS2d 320 [Utica City Ct 1941], affd 178 Misc 625 [Oneida County Ct 1942]), a city court judge held in a parking violation case that “[i]ntent, while often an essential element of a crime, is not an element of the offense here charged. This is a traffic infraction rather than a crime.” (Baxter, supra at 323.) In People v Janoske (206 Misc 155 [Broome County Ct 1954]), the County Court held, in a case charging improperly passing a stopped school bus, that the People are not required to establish criminal intent on the part of the de *1072 fendant, so long as the prosecution satisfactorily proves that it was a bona fide school bus displaying its flashing red lights, and the bus driver did not grant permission for the defendant’s vehicle to proceed.
While Baxter and Janoske provide us with some guidance, both cases concern the Vehicle and Traffic Law of 1929, and there are no cases concerning the current 1960 law. However, such cases may have continued authority if, as in the case at bar, the new Vehicle and Traffic Law essentially mirrors its pre1960 counterpart. There, the 1960 law would be viewed as an uninterrupted continuation of the 1929 law. General City Law § 95 supports this interpretation and reads as follows:
“Effect of the repeal of a statute by another statute substantially re-enacting the former “The provisions of a law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of such provisions of such prior law, modified or amended according to the language employed, and not as new enactments.”
In a case similar to the case at bar, a trial judge held that, due to the fact the Environmental Conservation Law was substantially a reenactment of the old Conservation Law, it is to be construed as simply a continuation of prior law and not a new enactment and should be interpreted accordingly. (People v Heath, 77 Misc 2d 215 [Schuyler County Ct 1974].)
Therefore, due to the identical nature of both the Vehicle and Traffic Laws of 1929 and 1960, it is clear no intent is required for the traffic infraction of failure to stop at a stop sign under Vehicle and Traffic Law § 1172.
As intent is not at issue here, the next question to be addressed is did the physical actions (actus reas) of the defendant satisfy the requirements for a sufficient traffic infraction.
For criminal liability, there must be, at minimum, a voluntary act. (People v Carlo, 46 AD2d 764 [1st Dept 1974].) As a general rule, a “voluntary act” means a bodily movement performed consciously as a result of effort or determination (Penal Law § 15.00 [2].)
The definition of a “voluntary act” excludes reflex actions or bodily movements performed during unconsciousness, hypnosis, amnesia or similar mental states. (People v Hager, 124 Misc 2d 123 [Nassau County Ct 1984]; see also Matter of National El. Indus. v New York State Tax Commn., 49 NY2d 538 [1980].)
*1073 While an act may be criminal without intent or knowledge, an involuntary act is not criminal. (Penal Law § 15.10; People v Marzulli, 76 Misc 2d 971 [App Term, 2d Dept 1973].) To sustain a crime or violation, it is an absolute necessity that there at least be some form of voluntary act or omission. (People v Shaughnessy, 66 Misc 2d 19 [Nassau Dist Ct 1971].)
In the instant case, it is clear the defendant suffered from unforeseen seizures and blackouts, resulting in his failure to stop at the stop sign. There is sufficient medical evidence and testimony to establish that the defendant was unconscious and his action of passing through the stop sign was an involuntary act. Thus, as a result of the involuntariness of the defendant’s actions, the People have failed to satisfy the statutory requirements for the charges in the instant case.
Accordingly, the motion to dismiss the simplified traffic infraction is granted in its entirety.